LOY, APPELLEE, *v.* UNEMPLOYMENT COMPENSATION BOARD OF REVIEW ET AL., APPELLANTS.

(No. C-850240—Decided March 5, 1986.)

*Stanley J. Litz,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Andrea F. Kravetz,* for appellants.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County. We have *sua sponte* removed this case from the accelerated calendar and restored it to the regular calendar.

The appellee commenced employment as a driver with the Purolator Courier Corporation ("Purolator") in November 1979. At that time, Purolator had a policy concerning accidents that was contained in its Courier Guard manual. This policy had been communicated to the appellee sometime after he began his employment. Under the policy, a driver was assessed certain demerit points for being involved in an

at-fault accident with a Purolator vehicle during working hours. The policy provided for differing numbers of points depending upon the type of accident. A driver could receive certain "credit points" for periods of safe driving; however, the accumulation of eight demerit points would result in a driver's termination.

Appellee was involved in two at-fault accidents in May 1983 and January 1984, for which he was assessed eight points. Pursuant to Purolator's accident policy, appellee was discharged on January 16, 1984.

At a hearing before a referee of the appellant Unemployment Compensation Board of Review, a Purolator representative acknowledged that appellee was a good employee, that he did not show a willful or reckless disregard for Purolator's rules and policies, and that the accidents were not intentional in nature.

Upon his discharge from Purolator, the appellee applied to the Ohio Bureau of Employment Services ("OBES") for unemployment benefits which were disallowed on February 8, 1984. Appellee requested a reconsideration of the OBES determination to disallow benefits, which determination was affirmed on February 24, 1984. Appellee appealed that decision to the Unemployment Compensation Board of Review, and the hearing before a referee of the board was held on March 23, 1984. A transcript of that hearing is in the record before us. On April 3, 1984, the referee recommended that the decision to deny benefits be affirmed.

Appellee then appealed the board's decision to the court below. The record reveals that a hearing was conducted by that court on January 10, 1985. By its entry of March 7, 1985, the court reversed the decision of the board of review and held that the appellee was entitled to unemployment benefits. From that judgment the appellant administrator and the appellant board of review bring this timely appeal, asserting in a solitary assignment of error that the court below erred in finding that the decision of the board of review was unreasonable, unlawful and against the manifest weight of the evidence. For the reasons that follow, we find the assignment to be meritorious.

To begin our analysis of the cause *sub judice,* we note that R.C. 4141.29 provides in pertinent part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:
"* * *

"(2) For the duration of his unemployment if the administrator [of OBES] finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

Just cause has been held to be "that kind of conduct which an ordinarily intelligent person would regard as a justifiable reason for discharging an employee. * * * The conduct need not rise to the stature of misconduct, but there must be some fault on the part of the employee." *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159, 162, 11 OBR 242, 245, 463 N.E. 2d 1280, 1284 (citations omitted).

In the cause *sub judice,* the appellee acknowledged to OBES that he was in two accidents involving a Purolator vehicle while on duty. In May 1983, the vehicle he was driving suffered a scrape to the fender, for which he was assessed three demerit points. In January 1984, the appellee struck an automobile from the rear with a Purolator vehicle, for which he received five demerit points.

Appellee states that he was discharged because he did not maintain the level of competence mandated by Purolator's driving procedure manual. He cites *In re Krug* (Aug. 23, 1977),

Franklin App. No. 77AP-266, unreported, for the proposition that when an employee is unable to perform a job according to the standards of the employer because the nature of the work requires certain skills or aptitudes of which the employee is not capable, the discharge is not for just cause and unemployment benefits should not be denied. In *Krug,* the court found that the claimant had been trained as a school teacher but attempted to work as a bank teller, the duties of which required aptitudes and skills different from those required of a teacher. The court affirmed the board of review's determination that the claimant's discharge was not for just cause within the meaning of R.C. 4141.29(D)(2)(a). The court noted further:

"The philosophy of unemployment compensation is to provide minimal temporary maintenance to an employee who inadvertently loses her job. The employee who has taken a job, and despite a good faith effort, is unsuited for that job should not be penalized for being unable to perform. While lack of effort or unwillingness to conform to rules is just cause for denial of benefits, incapability is not. Thus, the proper test as to 'just cause' for discharge is whether the discharge was due to culpability of the employee rather than circumstances beyond the control of the employee." *Krug, supra,* at 4.

We conclude that the instant case is distinguishable from *Krug.* Driving a motor vehicle upon a public highway by its very nature requires the driver to exercise ordinary care, and the failure to do so is a breach of a legal duty. We therefore hold that the discharge of the instant appellee was due to his culpability rather than to circumstances beyond his control. Accordingly, the assignment of error is sustained. We reverse and vacate the judgment of the court of common pleas and we render the judgment that the trial court should have entered, which is to affirm the decision of the board of review.

*Judgment reversed.*

DOAN, P.J., BLACK and HILDEBRANDT, JJ., concur.