LEE, Appellant,

v.

NICK MAYER LINCOLN et al., Appellees.

[Cite as *Lee v. Nick Mayer Lincoln* (1991), 74 Ohio App.3d 306.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58407.

Decided May 28, 1991.

*Shapiro, Kendis & Assoc.* and *Eric P. Allen,* for appellant.

*John Slater; Lee I. Fisher,* Attorney General, and *Betsey Nims Friedman,* Assistant Attorney General, for appellees.

DYKE, Judge.

The appellant began employment with appellee on February 25, 1980 as a body shop painter. Appellant had only a third grade level of education and was functionally illiterate. During the course of his employment, the state of technology for automobile paints advanced so that an ability to read was required to correctly blend and match the colors. Appellant, on several

occasions, mixed the wrong materials together which had a devastating effect on the cars and resulted in his employer having to strip and refinish appellant's work at its cost. The record reflects that appellee repeatedly offered to send appellant to school in order that he learn to read and also directed other painters in appellant's department to assist appellant in the blending process. Appellant refused appellee's offer of schooling and further ignored the well-intentioned offers of assistance.

Consistent with its collectively bargained progressive discipline policy, appellee issued verbal warnings and written reprimands. The first occurred on October 17, 1983. During the time period from 1986 through 1988, several more warnings concerning appellant's poor work performance were issued. Warnings were issued on June 11, 1986, August 7, 1986, May 6, 1987, February 22, 1987 and May 22, 1988. Letters of reprimand were issued to appellant on July 5, 1988, July 18, 1988, and August 17, 1988. On August 31, 1988, another letter of reprimand was issued accompanied by a notice that appellant was suspended for three days. On September 15, 1988, appellant received a written notice of discharge.

Appellant filed for unemployment compensation. The Administrator of the Bureau of Employment Services disallowed the claim finding that appellant had been terminated for just cause. Appellant appealed to the board of review, and a referee affirmed the board of review's denial of benefits. The board disallowed further appeal, and the court of common pleas affirmed the board's decision. This appeal follows.

In his sole assignment of error, appellant contends that appellee did not have just cause to terminate his employment on September 15, 1988.[1]

Resolutions of factual questions are for the Unemployment Compensation Board of Review. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280, paragraph one of the syllabus. The jurisdiction of the common pleas court is appellate and limited to a determination of whether the decision by the Unemployment Compensation Board of Review was unlawful, unreasonable or against the manifest weight of the evidence. R.C. 4141.28(O).[2] This court's role is then limited to a

---

**1.** Appellant's assignment of error states:

"Because appellee terminated appellant for inability to perform his work as a body shop painter, the common pleas court erred in holding that the board of review's decision that the termination was for just cause was lawful, reasonable and in accordance with the manifest weight of the evidence."

**2.** R.C. 4141.28(O) provides in pertinent part:

" * * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify

determination of whether the trial court abused its discretion. *Angelkovski, supra,* 11 Ohio App.3d at 161, 11 OBR at 243, 463 N.E.2d at 1282. It is well established that an abuse of discretion connotes more than an error in judgment but implies that a judgment was unreasonable.

R.C. 4141.29(D)(2)(a) provides, in pertinent part:

"(D) Notwithstanding division (A) of this section, no individual may * * * be paid benefits under the following conditions:

"* * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

In *Peyton v. Sun T.V.* (1975), 44 Ohio App.2d 10, 12, 73 O.O.2d 8, 9, 335 N.E.2d 751, 752, the court stated that there is not a "slide-rule definition of just cause," and that "each case must be considered on its particular merits." The Supreme Court in *Irvine v. Unemp. Comp. Bd. of Rev.* (1985), 19 Ohio St.3d 15, 17, 19 OBR 12, 14, 482 N.E.2d 587, 589, defined just cause as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." The *Irvine* court affirmed that each case should be decided on its particular merits.

In Ohio, it is well established that for an employee to be discharged with just cause, the employee in some way must be at fault. The conduct need not rise to the level of misconduct, but there must be some showing of some fault on the part of the employee. *Sellers v. Bd. of Rev.* (1981), 1 Ohio App.3d 161, 1 OBR 473, 440 N.E.2d 550. In *Loy v. Unemp. Comp. Bd. of Rev.* (1986), 30 Ohio App.3d 204, 206, 30 OBR 347, 349, 507 N.E.2d 421, 423, the court enunciated the test for determining just cause for discharge as whether the discharge was due to the culpability of the employee rather than due to circumstances beyond the employee's control. When an "employee, by his actions, demonstrated an unreasonable disregard for his employer's best interests," Ohio law considers the discharge to have been with just cause. *Kiikka v. Bureau of Emp. Serv.* (1985), 21 Ohio App.3d 168, 169, 21 OBR 178, 179, 486 N.E.2d 1233, 1234.

In *Loy, supra,* the court stated the established principle that mere *inability* to perform a job does not constitute fault or an unreasonable disregard for the employer's best interests. Where an employee is *unable* to perform a job according to the standards or expectations of the employer because the work

---

such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. * * *"

requires skill or aptitudes for which he is not capable, without a finding of fault on his or her part, the discharge is not made with just cause. *Id.*

Appellant does not dispute his poor work performance nor does he dispute appellee's right to discharge him because of his poor performance. Appellant disputes instead the board's finding that he was at fault and that the fault contributed to his discharge. Appellant argues that what began his demise was something out of his control, *i.e.*, an advancement in the paint refinishing technology, and that because appellant could only barely read his performance deteriorated. This he claims was beyond his control and therefore, pursuant to *Loy* and *Sellers, supra*, he should not have been deprived of benefits.

Appellant claims the facts of the present case are similar to those of *In re Krug* (Aug. 23, 1977), Franklin App. No. 77–AP–266, unreported. In *Krug*, the claimant was trained as a school teacher and attempted to work as a bank teller, the duties of which required aptitudes and skills different from those of a teacher. The court, in reversing the trial court's determination that just cause existed for claimant's discharge as a teller, held that where an employee is unable to perform a job according to the standards or expectations of the employer because the nature of the work requires skills or aptitudes for which she is not suited or of which she is incapable, without a finding of fault on her part, her discharge is not made with just cause, and she is entitled to receive unemployment benefits.

We find the present case to be distinguishable from *Krug*. *Krug* noted that unless it is established that a claimant has willfully acted against the employer's interests or failed to perform to the best of her ability, a resulting discharge must be without just cause.

Although an inability to perform may be without just cause for discharge, a lack of effort or unwillingness to perform is just cause for denial. Unlike *Krug*, appellant in the present case did not meet his burden in showing that he made reasonable efforts to maintain his employment. The record shows that appellant repeatedly rejected attempts by his employer to assist him and train him to perform up to standard. The record shows appellant was well aware that his performance was substandard but nonetheless refused offers of assistance aimed at improving his performance and enabling him to maintain his job. Appellant failed to make the required good faith effort to maintain his employment.

Appellant argues that he was justified in refusing the offers of help as the terms of schooling were never specifically disclosed to him and further because in his opinion the probability of learning to read was slim. We note that it is the claimant's burden of proving entitlement to unemployment

compensation which includes showing that existence of just cause for discharge was not shown. *Irvine, supra.* Appellant failed to show that he was incapable of learning to read or that the offers of assistance from other workers would not have made a difference in his performance. Further, appellant never substantiated his allegation that he could not have learned to read and continue to work at the same time. Instead, the record reflects appellee's repeated overtures of assistance in order to allow appellant to continue employment. Appellee's hand seemed to be extended, but appellant chose not to grasp. A reasonable person would have inquired further into appellee's offer and would have made some good faith showing that he was willing to take suggestions and improve performance. Appellant's unwillingness to keep up with technology, improve his reading skills or accept offers of assistance was not in the best interests of his employer and his discharge was with just cause. Because reasonable steps were not taken to maintain employment, appellant was at fault in his discharge.

The assignment of error is overruled.

*Judgment affirmed.*

NAHRA, J., concurs.

BLACKMON, J., dissents.

PATRICIA A. BLACKMON, Judge, dissenting.

Being unable to agree with the majority opinion, I respectfully dissent. Under the circumstances herein, I would find that the standard set forth in *In re Krug* (Aug. 23, 1977), Franklin App. No. 77–AP–266, unreported, applies to the facts of this case. Therefore, appellant was incapable of performing his job and the decision to deny unemployment compensation benefits is incorrect.

The dispositive question in this case is whether appellant was discharged for just cause. The court in *Krug* held that the proper test as to "just cause" for discharge is whether the discharge was due to the culpability of the employee, or for circumstances beyond the control of the employee. Further, the court held that an employee is not at fault when the employee is incapable of performing a job because of a lack of skill or aptitude. Finally, the court decided that "while a lack of effort or an unwillingness to conform to the rules of the employer is just cause for a denial of benefits, incapability is not." *Id.*

In the case *sub judice,* appellant argued that he was incapable of performing at the pace required by his employer. However, the majority was not persuaded by this reasoning and urged that appellant had failed to accept his employer's offer of assistance. The majority holds that appellant's failure to

learn to read and his refusal of assistance from his coworkers constituted a lack of effort to take reasonable steps to maintain his employment. The majority concludes that the burden of proof was on appellant to establish that he could not learn to read or that the coworkers' offer of help would not have made a difference. Therefore, having failed to sustain his burden of proof, appellant is not entitled to benefits and was discharged for just cause.

However, in the *Krug* case the court held that just cause must be construed from the standpoint of the employee. In this case, appellant did not refuse to do his job nor did he refuse to follow his employer's rules. Appellant argued that the industry had changed and he could no longer function at the pace required. Therefore, appellant's nonacceptance of the employer's offer of assistance, taken as a whole, was at best relevant only as continuing evidence of appellant's incapability of performing in an industry that had surpassed him.

The testimony of the employer established that appellant had been in its employ since 1980. He was discharged for poor workmanship and inability to perform in 1988. Appellant painted automobiles from 1942 to 1986 without difficulty, but these allegations of inability to perform did not surface until 1986. Prior to 1986, appellant was disciplined once, for a matter unrelated to his subsequent discharge in 1988. During the first six years of his employment, appellant's ability to perform or to read was not called into question. In 1986, the industry underwent substantial changes. It is my opinion that *BUT FOR* these changes in the industry, appellant's ability would not have been called into question.

Nevertheless, the majority fails to recognize the significance of the industry changes, appellant's over forty years in the industry, and appellant's age, which was over sixty years. The majority, however, decides to place great emphasis on appellant's inability to read. This preoccupation with appellant's inability to read and refusal to learn to read is misplaced, but understandable. Clearly, when one is given the opportunity to learn to read, the failure to accept is unwise. However, that nonacceptance should be perceived as a failure in judgment, not a willful disregard of a job responsibility or a violation of an employer's rules.

Therefore, in applying the standard set forth in *Krug*, the discharge of appellant was without just cause, when viewed from the standpoint of appellant's age, his inability to function at the pace required, and the changes in the industry. These factors demonstrate that appellant was not at fault and that his inability to perform was due to circumstances beyond his control.

Accordingly, I would sustain the assignment of error and reverse the judgment of the trial court.