JOURNAL ENTRY AND OPINION
Appellant Leroy Payton appeals the trial court's decision affirming the Ohio Unemployment Compensation Review Commission's denial of his request for his employment benefits.
Appellant assigns the following three errors for our review:
 I. IT IS UNREASONABLE ERROR TO HOLD THAT A MULTIPLY [sic] REDUNDANT ACTION IS AN INFERABLY [sic] ESSENTIAL DUTY.
 II. IT IS ERROR TO HOLD THAT AN EMPLOYEE WHO UNDERTAKES A TASK AND REASONABLY BELIEVES IT FULLY PERFORMED IS GROSSLY NEGLIGENT WHERE THE PERFORMANCE FAILS OF ITS INTENDED EFFECT.
 III. IT IS ERROR TO HOLD THAT CLAIMANT DESERVED FIRING WHERE THE EVIDENCE IS THAT THE EMPLOYER UNFAIRLY DID NOT FIRE THOSE EVEN MORE AT FAULT, AND WAS UNFAIR IN ITS CONDUCT WITH THE BUREAU.
Having reviewed the record and the legal arguments of the parties, we affirm the trial court's decision. The apposite facts follow.
The Cleveland Heights-University Heights City School District employed appellant Leroy Payton from October 19, 1993 through December 7, 1998. During the 1997-1998 school year, Payton began working as a school bus driver's assistant on a school bus route transporting traditional students, ages thirteen and fourteen. The next school year, Payton worked as a school bus driver's assistant on route for preschool children with special needs. The District terminated Payton's employment for leaving a three-year-old special needs student unattended for approximately two hours on Payton's assigned bus on November 20, 1998. The District characterized Payton's actions in leaving the child on the bus as neglect of duty, misfeasance, and a violation of rules and regulations for transportation.
On February 19, 1999, Payton applied for unemployment benefits from the Ohio Bureau of Employment Services (OBES). OBES disallowed Payton's application, finding the District discharged Payton for just cause in connection with work. On March 23, 1999, Payton appealed OBES' decision to the Unemployment Compensation Review Commission's Review Board (Board).
The Board held a hearing of Payton's appeal on April 28, 1999, and Patricia Horton, Assistant Director of Human Resources, testified on behalf of the school district. Horton testified the job description for a bus driver's assistant included the duty to assure that children in the assistant's care are received at the school by a responsible and familiar adult, which in this case is a teacher or teacher's aid. Horton testified the duty to search the bus to make sure all the children have gotten off rests with the drivers and bus driver assistants, not the teachers. Horton testified both the bus driver and the bus driver's assistant bear the responsibility to make certain that the children they pick up are dropped off at the school. Horton testified bus drivers and assistants are told to walk the aisles of the bus, looking from side to side to see if a child is there, and to place an empty sign on the back of the bus indicating that it has been checked. Horton stated that on the morning of November 20, 1998, while dropping off the children at the school, Payton and the bus driver received a call that they needed to go pick up another child and take that child to another school. They left to pick up this child not realizing that the three-year-old remained on the bus. Payton and the bus driver picked up the other child, dropped that child off at the other location and returned the bus to the bus compound, never realizing that the three-year-old child still remained on the bus. The three-year-old child remained on the bus until another bus driver and assistant discovered him at 11:30 am. Horton testified the school district fired both Payton and the bus driver for failing to assure that the child was received by a teacher or other responsible adult at the school.
Payton testified he assisted the bus driver by receiving the children onto the bus, strapping them into their seats, watching their behavior, and releasing the children to the teachers at the school. Payton maintained that although he had not been instructed to do so, it was his practice to check the bus to make sure that all the children had been released before he left the school.
Payton testified he checked the bus on November 20, 1998. Payton admitted he overlooked the child. He stated, "he was a small kid but actually I didn't see the kid. I looked and I didn't see the kid."
Following the hearing, the Board issued a decision finding that the District discharged Payton for just cause in connection with work. The Board reasoned that although Payton's employer may not have explicitly instructed him to make sure all the children were taken off the bus at the school, this duty was inherent in the position of the school bus driver assistant; therefore, specific instructions were unnecessary. The Board concluded that Payton's failure to see the child when he inspected the bus on November 20, 1998 constituted gross negligence.
Payton appealed the Board's decision to the Cuyahoga County Court of Common Pleas on July 7, 1999. The court affirmed the Board's decision concluding that Payton's "failure to remove the three-year-old special needs child from the school bus, thereby causing the child to be alone in the bus compound for two hours, exhibited an unacceptable disregard for his employer's best interest and justified his termination." This appeal followed.
In unemployment compensation cases, there is no distinction between the scope of review of the common pleas and appellate courts. Tzangas, Plakas Mannos v. Admr., Ohio Bur. of Emp. Svcs.
(1995), 73 Ohio St.3d 694, 697, 653 N.E.2d 1207, 1210. The reviewing court must not substitute its own findings of fact for those of the board; and may reverse the decision of the Board only if the decision is unlawful, unreasonable, or against the manifest weight of the evidence. Id. "While appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the Board's decision is supported by the evidence in the record." Id.
at 696, 653 N.E.2d at 1210.
Although Payton states three assignments of error, they each have a common basis in law and in fact. Therefore, we review Payton's errors concurrently.
In the instant case, the Board decided that the school district discharged Payton for just cause. This Court must determine whether the evidence in the record supports the Board's decision.
The Ohio Supreme Court defines just cause as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Id. at 697, 653 N.E.2d at 1211, citing Irvine v. Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15,17, 482 N.E.2d 587, 589. A just cause determination requires fault on the part of the discharged employee. Id. at 698,653 N.E.2d at 1211; Lee v. Nick Mayer Lincoln (1991), 74 Ohio App.3d 306,309, 598 N.E.2d 1238, 1240, Piazza v. Ohio Bur. of Emp. Serv.
(1991), 72 Ohio App.3d 353, 594 N.E.2d 695. Fault contemplates culpable actions within the employee's ability to control. "When an employee, by his actions, demonstrate[s] an unreasonable disregard for his employer's best interest, Ohio law considers the discharge to have been with just cause." Lee, supra at 309,598 N.E.2d at 1240, citing Kiikka v. Bur. of Emp. Svcs. (1985),21 Ohio App.3d 168, 169, 486 N.E.2d 1233, 1234.
Payton argues the Board and the trial court erred in finding that, as a school bus driver's assistant, he possessed an essential duty to assure that all children got off the bus after it arrived at the school. Based on the evidence in the record, we disagree.
At the hearing, Patricia Horton, Assistant Director of Human Resources, testified the responsibility for checking the bus to make sure all the children were off the bus rested with Payton and the school bus driver. Additionally, Payton testified his job responsibilities included removing the children's seatbelts and releasing the children to the teachers after the bus arrived at the school. Inherit in this responsibility is the duty to verify that all the children are dropped off at the school. Payton acknowledged this inherent duty in his practice of checking the bus for children before leaving the school for the bus compound. Hence, we conclude that there is sufficient evidence in the record to support the Board's and the trial court's finding that Payton possessed an essential duty to verify that all the children were dropped off at the school.
Payton argues that the Board's just cause determination is unreasonable because the school district did not have a rule or policy assigning such duty to school bus driver assistants. However, "[t]he critical issue is not whether the employee has technically violated some company rule, but whether the employee by his actions demonstrated an unreasonable disregard for his employer's interest." Piazza, supra at 357, 594 N.E.2d at 698. It was in the school district's best interest for Payton to have performed his duty by verifying that he transferred all children in his care to the teachers at the school. See Turner v. CentralLocal School District (1999), 85 Ohio St.3d 95, 706 N.E.2d 1261
(school district potentially liable in nine year-old child's death if found that bus driver failed to leave child in place of safety).
Both the Board and the trial court characterized Payton's role in failing to discover the three-year-old child as grossly negligent, implying an intentional failure to perform his duty.[1]
Payton argues his failure to see the child was not intentional, but rather the result of an honest mistake. However, the record does not reveal any circumstance, had Payton checked the bus as he claims, that prevented Payton from discovering the child. On the record in this case, we cannot say that the Board or the trial court erred in finding Payton grossly negligent in failing to discover the child.
Additionally, Payton argues the school district acted unfairly in discharging him and not discharging the child's teacher. Payton claims that this differing treatment precludes a finding that the school district terminated his employment for just cause in connection with work. This argument lacks merit. The record reveals that Payton's responsibility differed from that of the child's teacher. In the event that a child did not arrive at the school, the school district required the teacher to call the child's home. According to the record, the teacher called the child's home. Unlike Payton and the bus driver, the teacher did not have responsibility for conducting a final check for children when the bus arrived at the school. Thus, the responsibilities of Payton and the teacher differed sufficiently to justify differing treatment.
Additionally, during oral argument, Payton argued the bus driver was awarded compensation and he was not.[2] The record establishes this fact. However, the record is insufficient for us to conclude that this fact constituted disparate treatment. Any number of reasonable explanations exist as to why the bus driver might have received unemployment compensation. For example, he may have settled with the Board on that issue. In any event, the burden is on Payton to establish the facts supporting disparate treatment. Accordingly, we overrule Payton's assignments of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, P.J., and ROCCO, J., CONCUR.
 _____________________________ PATRICIA ANN BLACKMON, JUDGE
[1] Gross negligence is the intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another. It is materially more want of care than constitutes simple inadvertence. Black's Law Dictionary (5 Ed. 1979) 931-932.
[2] In his statement of facts, Payton states "[t]he bus driver received unemployment benefits. The appellant was denied benefits." However, Payton chose not to raise this point as an issue nor does he argue it in his brief.