{¶ 1} Appellant the Ohio Department of Job and Family Services (ODJFS) appeals the trial court's decision reversing the finding by the Unemployment Compensation Review Commission (Commission), that Jones was discharged for just cause. It assigns the following error for our review:
 "I. The common pleas court erred in reversing the Unemployment Compensation Review Commission's decision that claimant was discharged for just cause as there is competent, credible evidence *Page 3 in the record to support the findings that claimant engaged in wrongful conduct and that his termination was justified."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} Rudolph C. Jones, 75 years old, was employed since October 1, 1991 as the evening/weekend Director and part-time instructor at David Myers College ("College"). He was terminated on August 24, 2004 for selling books to the bookstore. Jones filed an application for unemployment benefits which was denied because it was determined he was terminated for "just cause." Jones appealed the determination and a hearing was conducted before the Commission.
 {¶ 4} The evidence at the hearing revealed that in his position as Director, Jones served as a liaison between students, faculty, and staff. He was responsible for scheduling weekend and evening classes and purchasing the books for the students and faculty.
 {¶ 5} The evidence was undisputed that publishers send to instructors, free of charge, desk copies. It is also undisputed that Jones had hundreds of desk copies stored in his office. According to Jones, his former supervisor had previously given him permission to sell the unused complimentary desk copies to the bookstore to help students financially.
 {¶ 6} Sometime in July 2004, the College commenced an investigation when a student bookstore employee reported to the administration that several bookstore employees were ordering books using the College's account and then selling them *Page 4 
back to the store for cash. Dedrienne McDonald, the Human Resources Manager, was appointed to investigate the matter.
 {¶ 7} During the investigation of the book store employees, McDonald discovered a buy back receipt for Jones. Further investigation revealed that there were twenty-seven receipts for the period of May 5, 2004 through July 18, 2004, in which Jones received a total of $ 1,325.00 for selling books back to the College.
 {¶ 8} On August 22, 2004, McDonald confronted Jones regarding the receipts. Jones informed McDonald of his practice of selling the free desk copies and that the practice was approved by his former supervisor as long as the money was used to help students financially.
 {¶ 9} McDonald testified that Jones told her that he gave the money he received for the books to the Student Life organization. However, the Director of Student Life informed McDonald that Jones had only given the organization between $ 40 and $ 60 during the period in question. Jones contended he did not tell McDonald that he gave the entire amount to the Student Life Organization because he kept part of the amount in his personal account to dole out to students on an as needed basis He admitted he should have maintained accounting records regarding the money, but contended he used the money to assist students in need of financial help with transportation costs, personal hygiene items, food, and other incidentals.
 {¶ 10} McDonald admitted she believed Jones used the money to help the students and stated that Jones had a reputation for honesty. McDonald relayed the *Page 5 
information regarding her investigation of Jones to the College's Chief Financial Officer, Eric Damon, who instructed McDonald to terminate Jones.
 {¶ 11} Based on this evidence, the Commission issued an opinion in which it held that if Jones was selling desk copies, there would have been no reason for him to make twenty-seven different transactions over a two-and-a-half month period. The officer found it more likely that Jones would have sold the books in bulk as the excess copies built-up. The hearing officer found that because Jones admitted that the publishers provide desk copies based on the number of student copies ordered, it was extremely unlikely that Jones would have amassed $ 1,325 in excess desk copies in such a short period of time. In conclusion, the hearing officer found:
 "The weight of the circumstantial evidence indicates that claimant was part of a group of college employees that ordered books through the bookstore on the college's account and then sold the books back to the bookstore for cash. Such wrongful conduct provides just cause for discharge."[1]
 {¶ 12} Jones appealed the decision to the common pleas court. The trial court, in a five page opinion, reversed the decision of the Commission after finding the decision was against the manifest weight of the evidence.
 Standard of Review {¶ 13} Our standard of review on appeal from a decision of the Commission is the same as that of the Common Pleas Court.[2] This court "may reverse the board's *Page 6 
determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence."[3] In making this determination, we must give deference to the Commission in its role as finder of fact.[4] We may not reverse the Commission's decision simply because "reasonable minds might reach different conclusions."[5] On close questions, where the board might reasonably decide either way, we have no authority to upset the agency's decision.[6] Instead, our review is limited to determining whether the Commission's decision is unlawful, unreasonable, or totally lacking in competent, credible evidence to support it.
 Unemployment Compensation Claim {¶ 14} Jones' unemployment application was denied on the ground that he was discharged from his employment for just cause. R.C.4141.29(D)(2)(a) provides in pertinent part:
 "(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:
 * * * *
 (2) For the duration of the individual's unemployment if the director finds that: *Page 7 
 (a) The individual * * * has been discharged for just cause in connection with the individual's work."
 {¶ 15} The Ohio Supreme Court defines just cause as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act."[7] A just cause determination requires fault on the part of the discharged employee.[8] Fault contemplates culpable actions within the employee's ability to control. "When an employee, by his actions, demonstrates an unreasonable disregard for his employer's best interest, Ohio law considers the discharge to have been with just cause."[9]
 {¶ 16} In the instant case, the Commission found that Jones was discharged for just cause because he was part of the group of college students who ordered books on the College's account and then sold them back to the College for cash. However, there was no evidence that Jones sold anything other than the free desk books. Both Jones and McDonald acknowledged he had hundreds of desk books in his office. McDonald testified that there was no evidence that Jones used the college's account to purchase the books, and the books sold were free desk copies *Page 8 
provided to the College. She also admitted that the College suffered no financial harm from the sale of the desk copies because the bookstore is a separate entity from the College. At the time Jones sold the desk copies, there was no rule or policy regarding the disposal of excess desk books.
 {¶ 17} Additionally, Jones' former supervisor was aware Jones was selling the copies and approved of the practice as long as the money was used for students' needs. McDonald, who was in charge of the investigation, believed that Jones was using the money to help the students.
 {¶ 18} Although Jones should have handled the bookkeeping associated with the sale of the desk copies in a more professional manner, the evidence does not support the Commission's finding that he was purchasing the books on the College's account and using the amount for his own personal gain. He testified to using the money to buy the students lunches, books, computer disks, graduation gifts, parking coupons, and bus and cab fare. He stated that at times he gave the students money out of his own pocket.
 {¶ 19} Under these facts, the Commission's finding is clearly against the manifest weight of the evidence. In so holding we acknowledge we must give deference to the Commission's findings of fact. However, the trier of fact is prohibited from relying upon circumstantial evidence that is based upon inferences unsupported by the facts.[10] There is absolutely no facts upon which the *Page 9 
Commission could have concluded that Jones was purchasing the books from the College's account. In fact, there is no evidence that the College suffered in any way by Jones' selling the free books to the bookstore.
 {¶ 20} Thus, we conclude Jones' conduct did not demonstrate an unreasonable disregard for his employer's best interests, and he was, therefore, not terminated for just cause. Accordingly, the Commission's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, JUDGE
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] Unemployment Compensation Review Commission Decision, April 19, 2005.
[2] Shephard v. Dir., Ohio Dep't of Job Family Servs.,166 Ohio App.3d 747, 2006-Ohio-2313.
[3] Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.,73 Ohio St.3d 694, 696, 1995-Ohio-206.
[4] Irvine v. Unemployment Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15,18.
[5] Id.
[6] Id.
[7] Tzangas, Plakas Mannos v. Admr., Ohio Bur. of Emp. Svcs.,73 Ohio St.3d 694 at 697, 1995-Ohio-206, citing Irvine v. Unemp. Comp. Bd.Of Review (1985), 19 Ohio St.3d 15, 17.
[8] Id. at 698; Lee v. Nick Mayer Lincoln (1991), 74 Ohio App.3d 306,309; Piazza v. Ohio Bur. Of Emp. Serv. (1991), 72 Ohio App.3d 353.
[9] Lee, supra at 309, citing Kikka v. Bur. Of Emp. Svcs. (1985),21 Ohio App.3d 168, 169.
[10] Hurt v. Charles J. Rogers Transp. (1955), 164 Ohio St. 329;Wilson v. Unemployment Compensation Board of Review (1984),14 Ohio App.3d 309, 311; Raceway Video and Bookshop, Inc. v. Cleveland Board ofZoning Appeals (1997), 118 Ohio App.3d 264, 270; Republic SteelCorporation v. Hailey (1986), 30 Ohio App.3d 103, 106. *Page 1