WASHINGTON, APPELLANT, *v.*
BANCOHIO NATIONAL BANK ET AL.,
APPELLEES.

(No. 84AP-932—Decided February 7, 1985.)

*Sue Livensparger,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Howard M. Sanders,* for appellee Ohio Bureau of Employment Services.

STRAUSBAUGH, J. This is an appeal by appellant, Sandra Washington, from a judgment of the Court of Common Pleas of Franklin County finding that the decision of the Ohio Bureau of Employment Services Board of Review was supported by reliable, probative and substantial evidence and therefore affirming the decision of the board of review.

The record indicates that appellant worked for BancOhio National Bank from December 21, 1981 to February 23, 1983 as a merchant clerk handling MasterCard and VISA deposits for merchants; that on February 15, 1983 appellant was convicted of the offense of the unauthorized use of property owned by the F & R Lazarus Company; that on February 22, 1983 appellant was suspended from her job and was subsequently terminated from her employment because she was no longer bondable by the bank; and that appellant applied for unemployment compensation benefits on February 28, 1983 which was allowed by the Ohio Bureau of Employment Services. On March 28, 1983, the employer requested reconsideration of the allowance of benefits which was reversed by the administrator who disallowed benefits to appellant on May 2, 1983. Appellant filed an appeal on May 12, 1983. On June 3, 1983, a hearing was conducted before a board of review referee who upheld the decision to disallow benefits. Appellant further appealed to the board of review. On August 5, 1983, the board of review disallowed appellant's application for further appeal. Upon appeal by the appellant to the common pleas court, her appeal was denied and the order of the board of review was affirmed from which judgment this appeal is taken by appellant setting forth the following two assignments of error:

"I. The court of common pleas erred in affirming the decision of the Board of Review, Ohio Bureau of Employment Services, where the claimant's discharge was based on facts not connected with her work.

"II. The court of common pleas erred in affirming the decision of the Board of Review, Ohio Bureau of Employment Services, where there was insufficient evidence presented to support a finding that the claimant was discharged for just cause for purposes of unemployment compensation eligibility."

Both assignments of error will be considered together.

R.C. 4141.29(D)(2)(a) provides in part:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

"* * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

The terms of BancOhio's blanket fidelity bond required the bank to suspend or discharge any employee when it learned of any dishonest or fraudulent act committed by that employee at any time against the bank or any other party; should the bank fail to suspend or

discharge any such employee, immediate termination of the bank's coverage would result. Section 1829, Title 12, U.S. Code provides that no person shall serve as a director, officer, or employee of an insured bank who has been convicted of any criminal offense involving dishonesty or a breach of trust.

Appellant admits in her brief that the employer herein had no recourse but to discharge her; however, she argues that her eligibility for unemployment compensation is the issue and that she is eligible for unemployment compensation because there is no evidence, or insufficient evidence, that she knew about the employer's rule regarding discharge for conviction of a petty theft unrelated to the employer in time or place.

We find that fiscal integrity is an inescapable requirement of appellant's job. Strict honesty is an implicit job requirement of appellant's position which does not have to be in writing or verbalized. Even though appellant did not actually handle money she occupied a very sensitive position. There is an inescapable link between a theft-type offense and the fiscally responsible position held by appellant at her place of employment. When appellant was convicted of an act clearly involving dishonesty, and as a consequence was no longer bondable, she violated a term of her employment as contemplated by the unemployment compensation laws and was therefore discharged for just cause in connection with her work. Appellant's two assignments of error are overruled, and the judgment is affirmed.

*Judgment affirmed.*

NORRIS and STERN, JJ., concur.

STERN, J., retired, of the Supreme Court of Ohio, assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.