PIAZZA, Appellant,

v.

ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES, et al., Appellees.

[Cite as *Piazza v. Ohio Bur. of Emp. Serv.* (1991), 72 Ohio App.3d 353.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 57948, 57949.

Decided Feb. 4, 1991.

*Deborah Purcell Goshien,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Merrill H. Henkin,* Assistant Attorney General, for appellees.

PATTON, Judge.

This appeal arises as a result of the judgment entered by the Cuyahoga County Court of Common Pleas which affirmed the decision of the Unemploy-

ment Compensation Board of Review to deny unemployment benefits to the appellant, Robert W. Piazza ("appellant"). Appellant appeals two decisions of the board. Both have been consolidated by this court. The facts giving rise to this appeal as contained in the record provide:

On September 19, 1986, appellant was discharged from his employment as a tri-axle dump truck driver with Mid–America Trucking, Inc. ("Mid–America"). On November 7, 1986, a decision on reconsideration was mailed in which the administrator held that appellant was discharged by Mid–America for just cause in connection with his work. On December 2, 1986, a hearing was held before a referee of the board. On December 9, 1986, a decision was mailed which affirmed the administrator's decision on reconsideration. Appellant instituted a further appeal which was disallowed on January 27, 1987.

Appellant filed a second application for a determination of benefit rights. This second application sought additional unemployment compensation for a different benefit year. The same procedure was followed. The board also upheld the decision to deny benefits. Appellant instituted a further appeal of the decision, which was subsequently disallowed.

Appellant filed notices of appeal to the common pleas court. The lower court affirmed the decision of the board to deny unemployment compensation benefits to appellant.

The transcript reveals appellant was employed at Mid–America from May 15, 1985 until September 19, 1986. In March 1986, appellant's driver's license was temporarily suspended as the result of a conviction for driving under the influence of alcohol. A temporary permit was issued to appellant which granted him limited occupational driving privileges. Appellant had first been convicted of driving under the influence of alcohol approximately ten years prior to his second conviction. Because of the serious nature of the infraction, the liability insurance carrier for Mid–America notified it of the cancellation of appellant's liability insurance.

Appellant was then terminated from employment for not having a valid driver's license and for no longer being insurable under Mid–America's liability insurance policy.

On appeal before this court, appellant assigns two errors for our review.

"I. The trial court erred in affirming the decision of the Ohio Bureau of Employment Services denying benefits to plaintiff-appellant, Robert W. Piazza, because the decision of the referee which was adopted by the Ohio Bureau of Employment Services was unlawful, unreasonable and against the manifest weight of the evidence.

"II.  Defendant-appellee's submission of documents extraneous to the transcript of the proceeding violates Ohio Revised Code Sec. 4141.28(O)."

## I

In appellant's first assigned error, he argues the trial court erred in affirming the board's decision which denied unemployment compensation benefits.  Specifically, he contends the decision is unlawful, unreasonable and against the manifest weight of the evidence for two reasons:  (1) he did indeed have a valid driver's license;  and (2) the record is devoid of any evidence indicating a company requirement that its truck drivers be insured exclusively under the Mid–America liability insurance policy.

## A

R.C. 4141.28(O) provides the applicable standard of review on appeals from board decisions to the common pleas court:

"If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification;  otherwise, such court shall affirm such decision."

The law prohibits a reviewing court from substituting its judgment for the board's on questions of fact or from independently interpreting the evidence. *Simon v. Lake Geauga Printing Co.* (1982), 69 Ohio St.2d 41, 23 O.O.3d 57, 430 N.E.2d 468; *Kilgore v. Bd. of Review* (1965), 2 Ohio App.2d 69, 31 O.O.2d 108, 206 N.E.2d 423; *Brown–Brockmeyer Co. v. Roach* (1947), 148 Ohio St. 511, 36 O.O. 167, 76 N.E.2d 79.  Pursuant to R.C. 4141.28(O), the only duty of the common pleas court is to review the evidence to determine whether the board's decision was unlawful, unreasonable, or against the manifest weight of the evidence.  *Hall v. American Brake Shoe Co.* (1968), 13 Ohio St.2d 11, 42 O.O.2d 6, 233 N.E.2d 582.

In this case, the central issue is whether appellant was discharged for "just cause" within the meaning of R.C. 4141.29(D)(2)(a), which provides:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:
" * * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

In *Peyton v. Sun T.V.* (1975), 44 Ohio App.2d 10, 73 O.O.2d 8, 335 N.E.2d 751, the court addressed the issue of just cause and held:

"There is, of course, not a slide-rule definition of just cause. Essentially, each case must be considered upon its particular merits. Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act."

■■■ An employer may require specific standards of conduct and discharge employees who violate the standards. *Williams v. Ohio Bur. of Emp. Serv.* (Nov. 27, 1985), Cuyahoga App. No. 49759, unreported, at 5, 1985 WL 3985. Moreover, regardless of whether company rules explicitly call for the discharge of an employee for a driving under the influence of alcohol violation, such an act may still be considered just cause for discharge. *Id.* The critical issue is not whether the employee has technically violated some company rule, but whether the employee by his actions demonstrated an unreasonable disregard for his employer's best interest. *Kiikka v. Ohio Bur. of Emp. Serv.* (1985), 21 Ohio App.3d 168, 169, 21 OBR 178, 180, 486 N.E.2d 1233, 1234; *Stephens v. Bd. of Review* (May 22, 1980), Cuyahoga App. No. 41369, unreported, at 3; *id.*

The record discloses it is the policy of Mid–America to require of all its truck drivers a valid chauffeur's license. Moreover, it is the insurance company's policy not to insure any drivers with eight or more points on their license or a violation of driving under the influence of alcohol. Although the record does not contain evidence that the above-mentioned policies were explicit company rules for which a violation would mean discharge, Mid–America had just cause, as appellant's conviction for driving under the influence of alcohol demonstrated an unreasonable disregard for his employer's best interests. Appellant was employed as a truck driver. It is in Mid–America's best interests to require its employees to keep a clean driving record, free from serious infractions, and to have a valid chauffeur's license at all times. A conviction of driving under the influence of alcohol is a very serious offense.

Hence, we find sufficient evidence in the record to support the decision below denying unemployment benefits, as Mid–America had just cause for discharging appellant based upon his uninsurability with the company's liability insurer due to his conviction of driving under the influence of alcohol. See *Mayes v. Ohio Bur. of Emp. Serv.* (1986), 32 Ohio App.3d 68, 513 N.E.2d 818 (school bus driver discharged for just cause based upon her driving under the influence of alcohol conviction and the resultant status of uninsurable by the school district's liability insurance carrier).

Moreover, we note that unemployment benefits exist to help those who find themselves unemployed through no fault of their own. *Salzl v. Gibson Greeting Cards* (1980), 61 Ohio St.2d 35, 15 O.O.3d 49, 399 N.E.2d 76. In this case, appellant is solely responsible for his predicament. Appellant voluntarily refused to operate his vehicle within the limits of the law which resulted in the suspension of his chauffeur's license and ultimately to the insurance company's revocation of his insurable status. *Baker v. Ohio Bur. of Emp. Serv.* (Dec. 30, 1988), Fayette App. No. CA88–07–011, unreported, at 3, 1988 WL 141740; *Washington v. BancOhio Natl. Bank* (1985), 21 Ohio App.3d 234, 21 OBR 250, 486 N.E.2d 1227.

## B

■ Appellant also argues the lower court's decision is against the manifest weight of the evidence because (1) the exclusion of relevant evidence of bias or prejudice against appellant regarding his prior testimony against Mid–America in an earlier proceeding involving appellant's coworker was error, and (2) he should have been able to develop the fact that two other coworkers were discharged at the same time of appellant's discharge; however, the other two were offered positions with Mid–America as laborers. These contentions are without merit.

Appellant would have the referee strictly construe and apply the rules of evidence. R.C. 4141.28(J) provides in pertinent part:

"(J) * * * In the conduct of such hearing or any other hearing on appeal to the board * * *, the board and the referees shall not be bound by common law or statutory * * * rules of procedure. The board and the referees shall take any steps in such hearings, consistent with the impartial discharge of their duties, which appear reasonable and necessary to ascertain the facts and determine whether the claimant is entitled to benefits under the law."

In interpreting this section, the Supreme Court of Ohio has held:

"The aim of this portion of R.C. 4141.28(J) is to avoid the rigid formality imposed by technical rules of evidence, while constructing an efficient method for ascertaining a claimant's entitlement to unemployment compensation benefits. This court previously has not analyzed this specific segment of R.C. 4141.28(J)[;] however, its meaning is apparent: the Board of Review and the referee need not apply stringent rules in determining the admissibility of evidence into the record. The logical corollary is such evidence placed in the record is not only admissible but also must be weighed and considered when making a decision. * * *

" * * * *

"To restate the above, evidence which might constitute inadmissible hearsay where stringent rules of evidence are followed must be taken into account in proceedings such as this where relaxed rules of evidence are applied. Consequently, it was the referee's function, as the trier of fact, to consider the evidence * * * along with the credibility of the individuals giving testimony before the board * * * in reaching his decision. * * *" *Simon v. Lake Geauga Printing Co.* (1982), 69 Ohio St.2d 41, 43–44, 23 O.O.3d 57, 58–59, 430 N.E.2d 468, 469–471.

Thus, we conclude it was not error to disallow the proposed evidence. Accordingly, appellant's first assigned error is not well taken and overruled.

## II

In appellant's second assignment of error, he argues the trial court erred by admitting extraneous documents into evidence. Specifically, he contends the court was limited to the transcript of proceedings only and no other evidence. We disagree.

R.C. 4141.28(J) reads in relevant part:

"(J) * * * [T]he file of the administrator pertaining to the case shall * * * automatically become a part of the record in the appeal hearing. All information in such file which pertains to the claim, including statements made to the administrator or his deputy by the individual claiming benefits or other interested parties, shall be considered by the board and the referees in arriving at a decision, together with any other information which may be produced at the hearing."

Pursuant to R.C. 4141.28(J), the administrator's file becomes part of the record on appeal. Appellant does not bring forward any evidence that the court below relied on extraneous documents outside the administrator's file.

Accordingly, appellant's second assigned error is not well taken and is overruled.

*Judgment affirmed.*

ANN MCMANAMON, P.J., and PRYATEL, J., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.