JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant William R. Carpenter appeals from the judgment of the Common Pleas Court affirming the decision of the Unemployment Compensation Review Commission (Review Commission) which denied plaintiff unemployment compensation benefits because he was discharged for just cause from his position at Linderme Tube Company. Plaintiff contends that he was not terminated for just cause and was entitled to the said benefits. We find no error and affirm.
Plaintiff was employed by the Linderme Tube Company from March 9, 1992 to February 15, 1999 as a block operator. Plaintiff's employment was governed by a collective bargaining agreement between Linderme and Local 1704 of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers.
Article V, Section 3(a) of the collective bargaining agreement listed a number of rule violations that provided just cause for discharge. Article V, Section 3(b) of the collective bargaining agreement listed specific rule violations that are cause for mandatory discharge. Rule No. 12 under Article V, Section 3(b) prohibits leaving the premises during work hours without a pass from the plant superintendent or his designee.
Block operators on the second shift at Linderme received a paid lunch from 8:30 p.m. until 8:50 p.m. Company rules provided:
 Employees with a paid lunch are not permitted to leave the premises. Company rules also provided that any employee who leaves the company grounds at anytime, including lunch, must ring out and in.
On February 12, 1999, William Randolph, Second Shift Foreman, told Richard Schwab, Vice President and Acting Plant Manager, that plaintiff and another block operator were leaving the plant premises during their paid lunch break without permission. After being told this, Mr. Schwab decided that he would sit outside in the parking lot the following Monday to observe the conduct of employees.
Mr. Schwab arrived in the parking lot at 8:20 p.m. on February 15, 1999. At 8:35 p.m., plaintiff and two co-workers exited the building without informing their foreman or obtaining permission. The three men got in a van and drove off. Mr. Schwab observed the van leave the parking lot and followed it in his automobile to a convenient store on Euclid Avenue, where he observed plaintiff and one of the co-workers get out of the van. Mr. Schwab returned to the plant and paged plaintiff's foreman instructing him to lock the plant gate.
When the van returned to the parking lot, the foreman met the three men at the gate and brought them to Mr. Schwab's office. After questioning the three, Mr. Schwab told them that they were under suspension and that he would deal with them in the morning.
On February 16, 1999, Mr. Schwab met with the three employees and their union representative and terminated them for violating the company rule requiring employees to ring out anytime they leave the grounds and for violating Article V, Section 3(b), Rule No. 12 of the collective bargaining agreement. After his employment was terminated, plaintiff submitted an application for unemployment compensation benefits with the Ohio Bureau of Employment Services (O.B.E.S.). This claim was denied under R.C. 4141.29(D)(2)(a) in a March 17, 1999 determination of benefits, which found:
 A review of the facts establishes that the discharge was based on claimant's act, omission, or course of conduct. There was sufficient fault on the claimant's part that an ordinary person would find the discharge justifiable.
Plaintiff appealed the decision of the O.B.E.S. to the Review Commission. Following a hearing, the hearing officer issued his decision on May 7, 1999, affirming the O.B.E.S. decision and finding that:
 As the contract specifically provides that leaving the premises during working hours without a pass from the plant superintendent or his designee is cause for mandatory discharge without prior discipline.
 Linderme Tube Company had just cause to discharge claimant.
The Review Commission also disallowed plaintiff's request for further appeal in a decision mailed on June 8, 1999.
Plaintiff then appealed the Review Commission's decision to the Court of Common Pleas. After reviewing the evidence in the record, the Court of Common Pleas affirmed the Review Commission's decision finding in its January 7, 2000 journal entry:
 [T]hat the decision of the review commission is not unlawful, unreasonable or against the manifest weight of the evidence the decision is affirmed.
This appeal followed.
Plaintiff's sole assignment of error states:
 I. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE DECISION OF THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION WAS CORRECT IN ITS DENIAL OF BENEFITS.
In his assignment of error, plaintiff asserts that the Review Commission erred in finding that he was terminated for just cause, and therefore, not entitled to receive unemployment compensation benefits. We disagree.
The purpose of the Unemployment Compensation Act is `to enable unfortunate employees, who become or remain involuntarily unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level and is in keeping with the humanitarian and enlightened concepts of this modern day.' Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, 697, quoting Irvine v. Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 17. The Act `was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own.' Id.
An appellate court may reverse the Unemployment Compensation Board of Review's just cause determination only if it is unlawful, unreasonable or against the manifest weight of the evidence. Id. at paragraph one of the syllabus. Even though appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have a duty to determine whether the Review Commission's decision is supported by the evidence in the record. Id. at 696. The same standard of review is shared by all reviewing courts, from the common pleas courts to the Supreme Court of Ohio. Id.
Pursuant to R.C. 4141.29(D)(2)(a), O.B.E.S. may deny a claimant unemployment compensation if the claimant quits his or her job without just cause or was discharged for just cause. This section states:
 (D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:
* * *
 (2) For the duration of the individual's unemployment if the administrator finds that:
 (a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work, provided division (D)(2) of this section does not apply to the separation of a person under any of the following circumstances:
[circumstances not applicable].
The Ohio Supreme Court defines just cause as that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. Tzangas, supra, at 697, quoting Irvine, supra at 17. An employer may terminate an employee for just cause if the employer has been reasonable in finding fault on behalf of an employee. Id. at 698. Whether just cause exists is dependent upon the particular facts of each case. Irvine, supra, at 17. The burden of proof is on the claimant to establish that he or she was discharged without just cause. Id.
Plaintiff asserts that his termination was not based upon just cause as is required under R.C. 4141.29(D)(2)(a) because this statute is to be liberally construed and his conduct was nothing more than a mere violation of a company work rule. However, [t]he critical issue is not whether the employee has technically violated some company rule, but whether the employee by his actions demonstrated an unreasonable disregard for his employer's interests. Piazza v. Ohio Bur. of Emp. Serv. (1991),72 Ohio App.3d 353, 357.
The record reflects that on February 15, 1999, plaintiff knowingly ignored the company and collective bargaining rules and proceeded to leave the premises during work hours without permission. Plaintiff left the premises during a lunch period for which he was being paid. These rules were implemented in Linderme's best interests in order to safely and successfully maintain its business. It is in Linderme's best interests to know the whereabouts of all of its employees during work hours while they are on the clock being paid. Furthermore, it is not unreasonable for an employer to require its workers to obtain permission before leaving its premises. In fact, Linderme acknowledges the importance of this in Article V, Section 3(b)(12) of the collective bargaining agreement by requiring mandatory discharge for [l]eaving the premises during work hours without a pass from the plant superintendent or his designee. The company rules also expressly state that employees with a paid lunch are not permitted to leave the premises.
In this Court's very similar case of Prihoda v. Administrator (May 16, 1991), Cuyahoga App. No. 58542, unreported, the agreement between the claimant's employer and the union also required employees to contact a supervisor and obtain a pass prior to leaving the work premises. However, the claimant failed to follow the rule and left without permission. He was subsequently terminated. The Review Commission found that he was discharged from his employment for just cause and thus denied him unemployment benefits. The trial court affirmed the Commission's decision finding it lawful, reasonable and based upon the manifest weight of the evidence. This Court affirmed finding that the claimant unreasonably disregarded his employer's best interests by ignoring company rules thereby warranting his termination and the denial of unemployment benefits. We held that the employer's rule that employees notify a supervisor when leaving work prior to the end of a shift was a reasonable one and that it was in the employer's best interests to know what work was being completed.
Similarly, we find in the instant case, that the Review Commission's conclusion that plaintiff was terminated for just cause was supported by the evidence. Plaintiff was aware of Linderme's prohibition against leaving the premises without permission. This rule was clearly set forth in the collective bargaining agreement and in the company rules. Plaintiff was at fault for ignoring and refusing to follow this rule and for unreasonably disregarding Linderme's best interests in leaving the premises without permission. Accordingly, plaintiff's termination for his own refusal to follow this reasonable rule was a termination for just cause. We find that the Review Commission's just cause determination was not unlawful, unreasonable or against the manifest weight of the evidence.
Plaintiff's sole assignment of error is overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
 ________________________ JAMES M. PORTER, J.
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., CONCUR.