OPINION
Appellant, Jack Higgins, appeals from a judgment of the Franklin County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission ("commission") and denying unemployment compensation benefits to appellant. Appellant assigns a single error:
 THE FRANKLIN COUNTY COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN AFFIRMING THE UNEMPLOYMENT COMPENSATION BOARD OF REVIEW'S DECISION DETERMINING THAT JACK HIGGINS WAS TERMINATED WITH JUST CAUSE.
Because the decision of the commission is not unlawful, unreasonable, or against the manifest weight of the evidence, we affirm.
According to the evidence presented at the hearing before the commission's hearing officer, appellant worked as a driver and laborer for appellee, Patterson Pools, Inc. ("employer"), from June 16, 1997 until July 1998. His regularly scheduled hours were from 7:30 a.m. until 5:00 p.m.
Appellant failed to appear for work on Thursday July 23, Friday July 24, and Monday July 27, 1998. While company policy required that appellant notify the employer if he was unable to work and explain the reason for the inability, appellant neither reported for work on Thursday July 23, nor notified the employer of his inability to do so.
Kathy Herman, the office manager for the employer, paged appellant two times before 9:30 a.m. on July 23; appellant called her at 9:30 a.m. During the conversation he explained he had cut his wrist at work the evening before when he stayed late to work. Although he had gone to the hospital that night to get a tetanus shot, his hand was still swollen on Thursday and he decided to seek treatment. He told Herman, however, he would be in later that day. He nonetheless failed to report for work that day and failed to call to so advise the employer. Herman made several further attempts to call him and page him. At 3:30 p.m. he called the office on July 23 and indicated he had fallen asleep on the couch all day.
During that conversation, appellant and Herman made arrangements for him to report to work on Friday, July 24. Herman asked him to be at the office at 8:00 a.m., but he stated he had physical therapy for a knee injury. They agreed that he would come to work after the therapy, somewhere between 11:00 and 12:00 o'clock. Appellant did not report as agreed, and he did not contact the employer to so advise. While others in the office attempted to contact appellant, none was successful.
His next scheduled work day was Monday, July 27. He did not appear for work at 8:00 a.m. Instead, he called at about 9:30 in the morning to report his work hours for the prior week. Appellant spoke with the employer's president, Phil Patterson. Patterson asked why appellant was not working, and appellant indicated he thought everyone knew he was hurt. Appellant, however, had not presented any medical documentation of his inability to work on July 23, 24, or July 27, though the employer did not request any. Patterson explained the lengths the employer had gone to in an effort to reach appellant and to ascertain a return date, only to have appellant not respond or fail to appear as scheduled. As a result, on July 27, the employer terminated appellant's employment.
Appellant applied for unemployment compensation benefits, which the Administrator of the Bureau of Workers' Compensation ("bureau") originally granted. The employer appealed, resulting in a reconsidered decision from the bureau which again granted benefits to appellant.
The employer again appealed, and a hearing was held before the commission's hearing officer. While the employer was present, appellant failed to appear. Following the employer's presentation of evidence, the hearing officer concluded that appellant had been discharged with just cause and benefits were inappropriate. Although appellant requested a further review, the commission issued a decision disallowing his application to institute further appeal. Appellant then appealed the decision denying benefits to the Franklin County Court of Common Pleas, which affirmed the commission's decision.
In his single assignment of error, appellant contends the common pleas court erred in affirming the commission's determination that he was terminated with just cause and therefore is not entitled to benefits.
Reviewing courts may reverse "just cause" determinations "if they are unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.28(O). Tzangas, Plaka Mannos v.Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 696, citingIrvine v. Unemp. Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15,17-18. See, also, Vickers v. Ohio State Bur. of Emp. Serv. (Apr. 22, 1999), Franklin App. No. 98AP-656, unreported. On review, this court is not "permitted to make factual findings or to determine the credibility of witnesses, [but does] have the duty to determine whether the board's decision is supported by the evidence in the record." Tzangas, at 696.
R.C. 4141.29(D)(2)(a) provides that a claimant who is discharged from his employment "with just cause" is disqualified from receiving unemployment compensation. Vickers, supra. Just cause determinations in the unemployment compensation context, however, also must be consistent with the legislative purpose underlying the Unemployment Compensation Act. The act exists "to enable unfortunate employees, who become and remain involuntarily
unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level and is in keeping with the humanitarian and enlightened concepts of this modern day." (Emphasis sic.) Tzangas, at 697; see, also, Vickers, supra. "Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine at 17, citing Peytonv. Sun T.V. (1975), 44 Ohio App.2d 10, 12.
A finding of just cause depends on the unique factual circumstances of the particular case. Vickers, citing Irvine at 17. "If an employer has been reasonable in finding fault on behalf of an employee, then the employer may terminate the employee with just cause." Tzangas, at 698. "The claimant has the burden of proving entitlement to unemployment compensation benefits under the statutory provisions." Vickers, supra, citing Irvine, at 17.
As appellant notes, the critical issue in a just cause determination is not whether an employee technically violated a company rule; rather, the issue is whether the dismissal is premised on an employee's actions which demonstrate an unreasonable disregard for an employer's best interest. Piazza v.Ohio Bur. of Emp. Serv. (1991), 72 Ohio App.3d 353, 357; Kiikka v.Ohio Bur. of Emp. Serv. (1985), 21 Ohio App.3d 168, 169.
Here, one of the employer's asserted reasons for terminating appellant's employment was his unexcused absence from three days of work, Thursday, Friday, and Monday. Whether appellant's actions violate the three unexcused absence rule is debatable, since he was terminated shortly after the third workday began. Cf. Stewart v. Lintern Corp. (May 29, 1987), Geauga App. No. 1335, unreported.
Even if appellant did not violate the three unexcused absence rule, his actions suggest insubordination, or disobedience to authority that violates company policy and may result in immediate termination. More particularly, despite agreements with the company to appear at work at specified times, appellant failed to comply with the agreed schedule. While he contends his absence was due to medical problems, he submitted nothing to the employer to support that contention. Nor did he suggest an inability to work due to the medical problems when he committed to being at work at the agreed on times. Appellant's failure to report to work per his agreement with the employer was a disobedience to authority which, even if not fully insubordination under the company policy, was so detrimental to the employer's interest as to allow the employer to terminate appellant with just cause.
Appellant nonetheless contends he was denied due process: he did not appear at the hearing before the commission hearing officer due to allegedly misleading information from a staff member with the commission. Apart from the absence in the record of any indication that appellant was mislead by a staff member, his argument is unpersuasive.
Appellant was provided a notice from the commission that "[e]ach party should arrange to present at the hearing all relevant evidence and all necessary witnesses. Any interested party may appear at the hearing in person or through an attorney or other authorized representative. Whether the parties are represented or not, the hearing officer will develop pertinent facts from the witnesses in attendance, so as to afford a fair and impartial hearing to all interested parties." Moreover, the notice advises that the hearing may be scheduled during non-working hours if it would allow an interested party to be present. Appellant does not suggest he did not receive the notice.
Apart from the opportunity to be present at the hearing, pursuant to R.C. 4141.28(J) appellant had fourteen days after the hearing date to show good cause for his failure to appear. The record contains nothing indicating appellant's attempt to avail himself of those provisions.
Finally, appellant's reliance on Corbin v. Ohio Bur. ofEmp. Serv. (1991), 77 Ohio App.3d 626, is unpersuasive, as the facts differ substantially. In Corbin, the discharged employee simply arrived late, and because of his late arrival was never given an opportunity to be heard at the hearing. By contrast, appellant failed to appear altogether, despite having received notice that even in his absence the matter would be heard and determined on the relevant evidence presented. Appellant was not denied due process by his own failure to attend the hearing.
Given the foregoing, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.