Claimant-appellant Richard T. Bliss, Jr. (appellant) appeals from the judgment of the trial court affirming the denial of appellant's claim for unemployment compensation benefits by respondent-appellee State of Ohio Bureau of Employment Services (OBES). Appellant assigns the following error for our review.
 THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE DECISION OF THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION WAS CORRECT IN ITS DENIAL OF BENEFITS.
Appellant commenced his employment as a block operator with respondent-appellee Linderme Tube Company (Linderme) on February 26, 1996. As a block operator, the terms of appellant's employment were governed in part by the collective bargaining agreement between Linderme and the Local Lodge 1704 of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers.
Article V, Section 3(b) of the collective bargaining agreement listed specific rule violation that constituted cause for mandatory discharge. In particular, the twelfth paragraph prohibited [l]eaving the premises during working hours without a pass from the plant superintendent or his designee.
Block operators working the second shift received a paid lunch from 8:30 to 8:50 p.m. Pursuant to Linderme's company rules, employees with a paid lunch are not permitted to leave the premises. The company rules also required employees to clock in and out whenever they enter or leave the premises.
On February 12, 1999, William Randolph (the second shift foreman) informed Richard Schwab (vice president and acting plant manager) that appellant and William Carpenter (a block operator) were leaving the premises during their paid lunch break without permission.
On February 15, 1999, Mr. Schwab observed appellant, Mr. Carpenter and Edward Walick (an automatic saw operator) leave the premises during their paid lunch break. The workers failed to inform Mr. Randolph of their intention to leave the premises or get his permission. In addition, the workers failed to clock out when they left the premises.
When the workers returned to the premises, Mr. Randolph escorted them to Mr. Schwab's office. After questioning the workers, Mr. Schwab placed them under suspension and told them that he would deal with the situation in the morning.
The next morning, Mr. Schwab met with appellant and his union representative. Mr. Schwab terminated appellant for violating the company rules and the collective bargaining agreement. In particular, appellant was terminated for the following reasons: (1) appellant violated the company rule requiring employees to ring out any time they leave the company grounds; (2) appellant violated Article V, Section 3(b), Rule 12 of the collective bargaining agreement, viz., [l]eaving the premises during working hours without a pass from the plant superintendent or his designee ; and (3) appellant violated Article V, Section 3(b), Rule 6 of the union management agreement, viz., [w]illfully restricting of slowing down production or output: disruption or production.
On February 23, 1999, appellant filed an application for unemployment compensation benefits. On March 18, 1999, an OBES administrator issued an initial determination finding that Linderme discharged appellant for just cause and, therefore, appellant's request for benefits was denied.
Appellant filed a timely appeal of the initial determination. A hearing of this matter was conducted on May 3, 1999. In a decision mailed on May 7, 1999, an OBES hearing officer affirmed the initial determination of the administrator. Appellant appealed from the hearing officer's decision to the OBES Review Commission. On or about September 9, 1999, the commission disallowed appellant's request for review.
On September 28, 1999, appellant filed the underlying action in the Cuyahoga County Court of Common Pleas from the administrative denial of his claim for unemployment compensation benefits. In a judgment and opinion filed on May 4, 2000, the trial court affirmed the decision of OBES. Therefrom, appellant filed a timely notice of appeal with this court.
In his sole assigned error, appellant contends that the trial court erred in affirming OBES's decision to deny appellant's claim for unemployment compensation benefits. In particular, appellant insists that his infractions did not constitute just cause within the meaning of the statute.
The court of common pleas may reverse the Unemployment Compensation Board of Review's `just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694,653 N.E.2d 1207, paragraph one of the syllabus. See, also, R.C. 4141.28(O). The trial court is not permitted to make factual findings or to determine the credibility of witnesses; however, the court has a duty to determine whether the board's decision is supported by the evidence in the record. Tzangas, at 696, 653 N.E.2d at 2110.
In the instant case, the OBES found that Linderme terminated appellant's employment for just cause. R.C. 4141.29(D)(2)(a) provides in pertinent part:
 (D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions;
* * *
 (2) for the duration of his unemployment if the administrator finds that:
 (a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *.
`[T]raditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" Tzangas, at 697, 653 N.E.2d at 2111, quoting Irvine v. Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15,17, 482 N.E.2d 587, 589. In unemployment compensation context, just cause must be liberally construed and consistent with the legislative purposes underlying the Unemployment Compensation Act. Id.
Appellant does not dispute that his termination may have been justifiable under the collective bargaining agreement and company rules; however, appellant insists that his mere infractions were not serious enough to constitute just causes under R.C. Chapter 4114. "[T]he critical issue is not whether the employee has technically violated some company rule, but whether the employee by his actions demonstrated an unreasonable disregard for his employer's interests. Piazza v. Ohio Bur. of Emp. Serv. (1991), 72 Ohio App.3d 353, 357, 594 N.E.2d 695.
We find this court decision in Carpenter v. Ohio Bur. of Emp. Servs.(July 27, 2000), Cuyahoga App. No. 77559, unreported, to be determinative of this appeal. In that case, appellant's co-worker, William Carpenter, filed a claim for unemployment compensation benefits after he was fired by Linderme for leaving the premises during a paid lunch break. This court stated:
 The record reflects that on February 15, 1999, plaintiff knowingly ignored the company and collective bargaining rules and proceeded to leave the premises during work hours without permission. Plaintiff left the premises during a lunch period for which he was being paid. These rules were implemented in Linderme's best interests in order to safely and successfully maintain its business.
 It is in Linderme's best interests to know the whereabouts of all of its employees during work hours while they are on the clock being paid. Furthermore, it is not unreasonable for an employer to require its workers to obtain permission before leaving its premises.
 In fact, Linderme acknowledges the importance of this in Article V, Section 3(b)(12) of the collective bargaining agreement by requiring mandatory discharge for "leaving the premises during work hours without a pass from the plant superintendent or his designee." The company rules also expressly state that employees with a paid lunch are not permitted to leave the premises.
 In this Court's very similar case of Prihoda v. Administrator, 1991 Ohio App. LEXIS 2290 (May 16, 1991), Cuyahoga App. No. 58542, unreported, the agreement between the claimant's employer and the union also required employees to contact a supervisor and obtain a pass prior to leaving the work premises. However, the claimant failed to follow the rule and left without permission.
 He was subsequently terminated. The Review Commission found that he was discharged from his employment for just cause and thus denied him unemployment benefits. The trial court affirmed the Commission's decision finding it lawful, reasonable and based upon the manifest weight of the evidence. This Court affirmed finding that the claimant unreasonably disregarded his employer's best interests by ignoring company rules thereby warranting his termination and the denial of unemployment benefits. We held that the employer's rule that employees notify a supervisor when leaving work prior to the end of a shift was a reasonable one and that it was in the employer's best interests to know what work was being completed.
 Similarly, we find in the instant case, that the Review Commission's conclusion that plaintiff was terminated for just cause was supported by the evidence. Plaintiff was aware of Linderme's prohibition against leaving the premises without permission. This rule was clearly set forth in the collective bargaining agreement and in the company rules.
 Plaintiff was at fault for ignoring and refusing to follow this rule and for unreasonably disregarding Linderme's best interests in leaving the premises without permission. Accordingly, plaintiff's termination for his own refusal to follow this reasonable rule was a termination for just cause. We find that the Review Commission's just cause determination was not unlawful, unreasonable or against the manifest weight of the evidence.
We adopt the logic of this court in the Carpenter case and, therefore, find that OBES's administrative decision to deny appellant's claim for unemployment compensation benefits was lawful, reasonable and supported by the manifest weight of the evidence. Appellant's assignment of error is overruled.
The judgment of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and ANNE L. KILBANE, J., CONCUR.