[Cite as *Stine v. Cent. Ohio Gaming Ventures, L.L.C.*, 2014-Ohio-2147.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Stan L. Stine, :

    Appellant-Appellant, :

v. : No. 13AP-908
(C.P.C. No. 13CVF-06-6840)

Central Ohio Gaming Ventures, LLC :
et al.,
(REGULAR CALENDAR)
:

    Appellees-Appellees. :

:

D E C I S I O N

Rendered on May 20, 2014

*James R. Leickly*, for appellant.

*Michael DeWine,* Attorney General, and *Alan Schwepe*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Appellant, Stan L. Stine, appeals the decision of the Franklin County Court of Common Pleas which affirmed the Unemployment Compensation Review Commission's decision disallowing Stine's request for review of unemployment compensation benefits. For the following reasons, we affirm the common pleas court's decision.

{¶ 2} Stine brings one assignment of error for our consideration:

The trial court erred in affirming the Unemployment Compensation Review Commission's denial of Appellant's administrative appeal.

{¶ 3} Stine was employed by appellee, Central Ohio Gaming Ventures, LLC ("casino"), from September 17, 2012 until he was discharged for just cause on January 10,

2013.  As part of his orientation, Stine was given an inexpensive plastic drinking cup with a lid and straw that had the casino's logo on it.  On January 8, 2013, Stine asked a representative of the personnel department if he could have another cup to replace his broken one.  The representative said the casino only provided one cup to each new hire. Stine then entered the training room and removed two cups, went to the locker room and placed them in his personal garment bag.

{¶ 4}  Security discovered that Stine had removed the cups.  He admitted to removing the cups.  On the same day, Stine was suspended pending an investigation.  The casino determined that Stine had violated the casino's policy on theft and he was terminated two days later on January 10, 2013.

{¶ 5}  Stine filed for unemployment compensation benefits.  The Ohio Department of Job and Family Services issued a redetermination which Stine appealed to the Unemployment Compensation Review Commission ("review commission").  A telephone hearing was held on April 16, 2013, and the hearing officer issued a decision on April 26, 2013.  The hearing officer's decision affirmed the redetermination that Stine was discharged for just cause in connection with work.  Stine requested further review by the review commission.  The review commission disallowed the request.  Stine next appealed to the Franklin County Court of Common Pleas.  The court of common pleas affirmed the review commission's decision disallowing the request for further review on September 26, 2013.  Finally, Stine timely appealed to this court.

{¶ 6}  R.C. 4141.282(H) sets forth the standard that the court of common pleas must follow when considering appeals from the review commission:

> The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.

Reviewing courts may "reverse 'just cause' determinations 'if they are unlawful, unreasonable, or against the manifest weight of the evidence.' " *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.*, 73 Ohio St.3d 694, 696 (1995).  Reviewing courts are not permitted to make factual findings or to determine the credibility of witnesses; they

do have the duty to determine whether the decision is supported by the evidence in the record. *Id.* An appellate court focuses on the decision of the review commission, rather than that of the common pleas court in unemployment compensation cases. *Moore v. Comparison Market, Inc.*, 9th Dist. No. 23255, 2006-Ohio-6382, ¶ 8. To apply the same standard at each appellate level does not result in a de novo review standard. *Tzangas* at 696. As the Supreme Court of Ohio stated: "[T]he fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision." *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15 (1985).

{¶ 7} The Supreme Court has stated that just cause is cause which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. *Id.* The determination whether there is just cause for discharge depends upon the factual circumstances of each case. *Warrensville Hts. v. Jennings*, 58 Ohio St.3d 206, 207 (1991). What constitutes just cause must be analyzed in conjunction with the legislative purpose underlying the Unemployment Compensation Act. The act's purpose is to "enable unfortunate employees, who become and remain *involuntarily* unemployed by adverse business and industrial conditions." *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, ¶ 22. (Emphasis sic.)

{¶ 8} When an employee is at fault, he is directly responsible for his own predicament. Thus, fault is essential to a just cause termination. *Tzangas, Plakas & Mannos* at 697-98. " '[T]he critical issue is not whether the employee has technically violated some company rule, but whether the employee by his actions [or inactions] demonstrated an unreasonable disregard for his employer's interests.' " *Gregg v. SBC Ameritech*, 10th Dist. No. 03AP-429, 2004-Ohio-1061, ¶ 39, quoting *Piazza v. Ohio Bur. of Emp. Servs.*, 72 Ohio App.3d 353, 357 (8th Dist.1991).

{¶ 9} The review commission determined that Stine was terminated with just cause for violating the casino's policy on theft:

> Examples of Impermissible Conduct
>
> * * *
> 13. Theft (unauthorized removal) or misappropriation (unauthorized storage, transfer, or utilization) of the property of guests, Team Members or Hollywood Casino Columbus. * * * Any unauthorized property found in a Team

> Member's possession will be considered theft and grounds for immediate separation.

(Hearing Officer's Decision, at 4.)  Stine was told he could not have another cup.  Stine took two cups from a break room and placed them in his personal garment bag.  The review commission determined that this was a violation of the casino's theft policy, that Stine was terminated for just cause and therefore not eligible for unemployment benefits.  We find that this determination was not unlawful, unreasonable, or against the manifest weight of the evidence.  *Tzangas* at 696.

{¶ 10} Stine's argument on appeal is that a document, Team Member Coaching Notice, he and his supervisor signed on January 8, 2013 after he was confronted with the theft entitles him to some sort of progressive disciplinary action and precludes termination.  This January 8 notice is a form designed to document incidents in the casino that require corrective action. (R. 23.)

{¶ 11} The coaching notice has five boxes indicating the "Corrective Action Taken." The only box checked is "Suspension Pending Investigation."  *Id.*  The "What Occurred" section reads:

> Stan is being suspended pending for taking New Hire Celebration cups form the HR training room without authorization.  Stan should call Shannon Wells at 614-308-4171 or his Table Games leadership if he has anything to add to the investigation prior to the final outcome.

All other sections that could be filled in, including the "Next Steps" section are left blank. At the bottom of the one-page notice, above the signatures of Stine, a supervisor, and Shannon Wells, is language that appears on all "Team Member Coaching Notices":

> You are given this notice in order to correct any further disciplinary action.  If you fail to correct your actions as addressed above, or engage in any further violation of company policies, you will be subject to further disciplinary action, up to including separation.  By signing this form, you are acknowledging that you and your leadership had this discussion and were given the opportunity to respond.

{¶ 12} Stine argues that this "Team Member Coaching Notice" creates a mandatory progressive discipline procedure similar to the one found in *Groves v. Dir. of Job & Family Servs.*, 11th Dist. No. 2008-A-0066, 2009-Ohio-2085.  This argument is without

merit. The one-page notice does not indicate a mandatory progressive discipline policy, or that a serious offense such as theft would not result in separation.

{¶ 13} Stine argues that his returning of the two cups on January 8 was all the corrective action that he was required to do and that the "Team Member Coaching Notice" is evidence of this agreement. Stine argues that the notice makes it clear that he was not being fired so long as he corrected his behavior. We find that the notice does not make it clear that returning the cups was the required corrective action or that Stine is insulated from separation. The lack of any entry in the "Next Steps" section indicates that there was no corrective action that Stine could take and that he must wait for the conclusion of the investigation.

{¶ 14} The hearing officer with the review commission addressed Stine's argument:

> The claimant argues that his discharge was a case of double jeopardy. He asserts that he had already been disciplined for the offense at the time that he was suspended. This contention is without merit.

(Hearing Officer Decision, at 4.)

{¶ 15} We agree with the hearing officer, Stine's discipline would come after the investigation was completed. Merely returning the stolen cups is not indicated as, or would logically be, the only corrective action especially in the context of a casino employer.

{¶ 16} There was no corrective action that Stine could undertake in this incident. The casino determined that Stine had violated its theft policy which merited separation. The hearing officer and the review commission determined that Stine was discharged for just cause in connection with work. The evidence in the record supports this decision.

{¶ 17} Stine's assignment of error is overruled.

{¶ 18} The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and BROWN, J., concur.

———————