OPINION
{¶ 1} Appellant, Ralph L. Brooks, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio Department of Job and Family Services ("ODJFS"), denying appellant's application for unemployment compensation benefits. Because the decision is not unlawful, unreasonable or against the manifest weight of the evidence, we affirm. *Page 2 
 {¶ 2} Appellant began working as a youth specialist for The United Methodist Children's Home ("employer") on October 5, 2004. On June 22, 2006, appellant and another employee, Mr. Williams, transported a number of youths to a recreational camp in the employer's multi-passenger van. The youths apparently disembarked from the van upon arrival at the camp. At some point, one of the male youths returned to the van; he unlocked the passenger door via a window that had been left open, entered the van, and sat in the front passenger seat. Appellant followed the youth to the van, sat in the driver's seat, and chatted with the youth. A few minutes later, appellant received a personal call on his cell phone. He averted his attention from the youth as he spoke on the phone. During that time, the youth retrieved an EpiPen Mr. Williams had inadvertently left on the console between the two front seats and injected the contents into his finger. Appellant redirected his attention toward the youth when the youth said "ow." (Tr. 31.) The employer subsequently transported the youth to the hospital for treatment. Following an investigation, the employer, by letter dated June 29, 2006, discharged appellant for failing to appropriately supervise a youth and allowing a youth to be placed in danger.
 {¶ 3} Appellant subsequently filed an application for unemployment compensation benefits with ODJFS. The director of ODJFS initially allowed appellant's application for benefits based upon a finding that appellant was discharged without just cause. The employer appealed, and the director's redetermination affirmed the allowance of benefits.
 {¶ 4} The employer then filed an appeal of the redetermination and ODJFS transferred the matter to the Unemployment Compensation Review Commission ("commission"). A commission hearing officer conducted a telephone hearing on July 24, *Page 3 
2007, at which appellant and his supervisor, Twanna Roper, testified. Following the hearing, the hearing officer issued a decision reversing the director's redetermination, finding that appellant was discharged for just cause. The hearing officer reasoned as follows:
 While claimant testified that he was not formally trained by UMCH [the employer] on the use of an EpiPen, he admitted that he knew that an EpiPen contains a spring-loaded needle to quickly deliver a dose of medication to someone who goes into shock as a result of severe allergies. He admitted that he knew that an EpiPen had been left resting on a console within the youth's reach. He admitted that he knew that he was not permitted to take personal cell phone calls while on duty, yet still turned his head for approximately thirty seconds to speak on his personal cell phone while he was supervising this youth. He admitted that the youth opened the EpiPen and injected it into finger while claimant was talking on his personal cell phone.
(Hearing Officer Decision, 2.)
 {¶ 5} The hearing officer noted that appellant had been paid benefits totaling $8,918 encompassing the week ending July 15, 2006 through the week ending January 6, 2007. The hearing officer ordered appellant to repay ODJFS the sum total of the benefits within 45 days of the date the decision became final. The commission thereafter denied appellant's request for further review.
 {¶ 6} Appellant appealed the commission's decision to the common pleas court. By decision and entry issued April 6, 2008, the court affirmed the commission's determination. Appellant timely appeals the common pleas court's order, assigning the following error:
 The trial court abused its discretion by affirming the order of the Franklin County Department of Job and Family Services. *Page 4 
 {¶ 7} In his assignment of error, appellant claims the trial court abused its discretion in affirming the commission's finding that he was terminated for just cause. Before reaching the merits of appellant's assignment of error, we must address a preliminary issue which necessarily involves a discussion as to the appropriate standard of review to be utilized in unemployment compensation benefits cases. Pursuant to R.C. 4141.28(A) and (B), an interested party may appeal the commission's decision to the common pleas court of the county where the party is a resident or was last employed. The common pleas court must hear the appeal upon the certified record provided by the commission. R.C. 4141.282(H). The court may reverse, vacate, modify, or remand the decision to the commission only if the court finds that the decision "was unlawful, unreasonable, or against the manifest weight of the evidence[.]" Id. Otherwise, the court must affirm the commission's decision. Id.
 {¶ 8} R.C. Chapter 4141 does not distinguish between the scope of review of a common pleas court and that of an appellate court with respect to review of commission decisions. See R.C. 4141.282(H)-(I). In addition, the Supreme Court of Ohio has held that there is no distinction between the scope of review of common pleas and appellate courts regarding just cause determinations under the unemployment compensation law. Tzangas, Plakas Mannos v. Admin., Ohio Bur. of Emp.Servs. (1995), 73 Ohio St.3d 694, 696-697. Thus, "[a]n appellate court may reverse the [commission's] `just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the evidence." Id. at paragraph one of the syllabus.
 {¶ 9} In this case, appellant did not file a brief in support of his appeal to the common pleas court. ODJFS contends that appellant's failure to assert arguments before *Page 5 
the common pleas court constitutes a waiver of his right to argue the merits of his case on appeal. In its decision and entry, the court acknowledged that appellant had failed to file a brief and thus had not identified any alleged errors in the commission's decision. The court nonetheless reviewed the commission's determination. However, the common pleas court's decision erroneously adopts the R.C. 119.12 standard of review, i.e., whether there was reliable, probative, and substantial evidence to support the commission's order.
 {¶ 10} Despite appellant's failure to file a brief in the common pleas court and the trial court's application of an improper standard of review, and given that there is no distinction between our scope of review and that of the common pleas court and that an appellate court must focus on the decision of the commission rather than the decision of the common pleas court, see Roberts v. Hayes, Summit App. No. 21550,2003-Ohio-5903, at ¶ 11, this court shall review the commission's decision and determine whether it is supported by evidence in the certified record and is unlawful, unreasonable or against the manifest weight of the evidence.
 {¶ 11} R.C. 4141.29 provides the statutory authority for an award of unemployment compensation and provides that "[e]ach eligible individual shall receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment in the amounts and subject to the conditions stipulated in this chapter." In that context, R.C. 4141.29(D)(2)(a) establishes that an individual who quit his or her work without just cause or "has been discharged for just cause in connection with the individual's work" is not entitled to unemployment compensation benefits.
 {¶ 12} The Supreme Court of Ohio has defined just cause as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Page 6 Tzangas, supra, at 697, quoting Irvine v. Unemployment Comp. Bd. ofReview (1985), 19 Ohio St.3d 15, 17. A just cause determination must be consistent with the purpose of the Unemployment Compensation Act, which is to provide financial assistance to individuals who become and remain involuntarily unemployed due to adverse business and industrial conditions. Id. The act protects those employees who have no control over the situation that leads to their separation from employment. Id.
 {¶ 13} Consistent with the purpose of the act, the Tzangas court held that a discharge may be considered to be for just cause where an employee's conduct demonstrates some degree of fault. Indeed, the court stated that "fault is essential to the unique chemistry of a just cause determination." Id. However, "a willful or heedless disregard of duty or violation of [employer's] instructions" is not required to satisfy the fault requirement. Id. at 698.
 {¶ 14} The Supreme Court of Ohio has also stated that the discharged employee bears the burden of proving his entitlement to unemployment compensation benefits. Irvine, supra, at 17. The employee must provide evidence that his discharge was without just cause by demonstrating that he was without fault in the incident resulting in the termination. Id.
 {¶ 15} The determination of whether just cause exists to support discharge depends on the factual circumstances of each case and is largely an issue for the trier of fact. Id. "Determination of purely factual questions is primarily within the province of the [hearing officer and the commission]. Upon appeal, a court of law may reverse such decisions only if they are unlawful, unreasonable, or against the manifest weight of the evidence." Id. at 17-18. Reviewing courts are not permitted to make factual findings or *Page 7 
determine the credibility of witnesses. Id. at 18. "The duty or authority of the courts is to determine whether the decision of the board is supported by the evidence in the record." Id. If some competent, credible evidence supports the commission's decision, the reviewing court, whether a common pleas court or court of appeals, must affirm. Crisp v. Scioto Residential Serv., Inc., Scioto App. No. 03CA2918, 2004-Ohio-6349, at ¶ 12. On close cases, where the commission might reasonably decide either way, reviewing courts must leave undisturbed the commission's decision. Irvine, supra.
 {¶ 16} Appellant contends the commission's just cause determination is unreasonable because the employer did not have a rule or policy prohibiting staff members from accepting or initiating personal calls while supervising youths. Initially, we note that appellant's own testimony belies his assertion, as he acknowledged that the employer had such a policy and that he knowingly violated it. Moreover, Ms. Roper testified that the employer "[has] a policy that the staff should not actively be supervising the kids while they're on their personal cell phone." (Tr. 16.) Furthermore, "`the critical issue is not whether the employee has technically violated some company policy or rule, but whether the employee by his actions [or inactions] demonstrated an unreasonable disregard for his employer's interests.'" Gregg v. SBCAmeritech, Franklin App. No. 03AP-429, 2004-Ohio-1061, at ¶ 39, quotingPiazza v. Ohio Bur. of Emp. Serv. (1991), 72 Ohio App.3d 353, 357.
 {¶ 17} Here, the employer's best interests were served by appellant performing his duty to adequately supervise the youths in his charge and shield them from danger. Appellant admitted that he was aware that an EpiPen containing potent and potentially harmful medication lay within reach of the youth; nonetheless, he did not confiscate the *Page 8 
EpiPen and averted his attention from the youth to answer a personal telephone call. Appellant's actions and inactions potentially subjected the employer to liability had the youth suffered serious injury stemming from the injection of the medication. Thus, the commission reasonably could view appellant's actions and inactions as detrimental to the employer's interests.
 {¶ 18} In addition, appellant argues the employer acted unreasonably in discharging him and in not discharging Mr. Williams. Appellant testified that Mr. Williams was in charge of the medications in the van and was thus primarily responsible for keeping the EpiPen away from the youths. Thus, according to appellant, as Mr. Williams was equally, if not more, culpable than appellant, the employer should have discharged Mr. Williams rather than giving him only a written warning. Appellant claims that this disparate treatment precludes a finding that the employer terminated his employment for just cause in connection with work. This argument lacks merit. Appellant admitted at the hearing that as an experienced youth specialist, he could have advised Mr. Williams, a less experienced employee, to remove the EpiPen from the console. Further, Ms. Roper testified that although she held both appellant and Mr. Williams responsible for the incident, Mr. Williams received only a written warning because he was "fairly new staff," had never before been involved in an incident regarding medication, and was not present at the time the youth injected himself with the EpiPen. (Tr. 14-15.) In contrast, she discharged appellant because he was "seasoned staff" and was "directly supervising" the youth at the time of the incident. Id. The record thus reveals that appellant's responsibility differed from that of Mr. Williams; accordingly, the employer was entitled to discipline appellant and Mr. Williams in accordance with their disparate responsibilities. *Page 9 
 {¶ 19} Appellant further contends that previous incidents involving other employees who failed to appropriately supervise youth and thus placed them in danger had not resulted in dismissal of any employees. In particular, appellant testified that in 2005, a youth who was legally blind was playing flag football; as the youth ran with the football, a youth specialist who attempted to grab the youth's flag inadvertently pushed the youth to the ground; the youth suffered a broken collarbone and was treated at the hospital. Appellant related another incident where youth specialists were not present when one youth choked another youth into unconsciousness; those involved in the incident told him that "nothing had happened to them. They weren't written up, there [were] no suspensions and there was definitely no termination." (Tr. 36.) Appellant also recounted an incident involving a staff nurse who improperly administered medication to a youth, resulting in the youth being transported to the hospital; the nurse was not discharged. Appellant did not provide any evidence substantiating these facts beyond his own self-serving testimony. Whether these incidents actually existed is a question of fact and, as we have previously stated, we are without authority to disturb the commission's findings of facts. While the commission did not specifically address the question of alleged disparate treatment, this is not unlawful, unreasonable or against the manifest weight of the evidence because the commission was free to conclude that appellant's testimony in that regard was not credible. Accordingly, this argument is without merit.
 {¶ 20} Finally, appellant contends the commission's decision was against the manifest weight of the evidence. In particular, appellant takes issue with the commission's credibility determinations. Appellant contends he and Ms. Roper presented conflicting testimony as to the amount of time his attention was diverted from the youth as he spoke *Page 10 
on the phone. Ms. Roper speculated that appellant was on the phone for two or three minutes, as it would have taken the youth, who was unfamiliar with the procedure for utilizing an EpiPen, that amount of time to remove it from its cellophane-sealed container, assemble it, and inject himself. In contrast, appellant testified he was on the phone no more than 30 seconds. Initially, we note that appellant's argument is essentially moot. The hearing officer apparently found appellant's testimony more credible on this issue, expressly finding that appellant left the youth unsupervised for only 30 seconds. Moreover, even if the hearing officer had adopted Ms. Roper's testimony, such was the province of the hearing officer. As noted, witness credibility is not an issue for this court's determination.
 {¶ 21} Appellant also takes issue with Ms. Roper's credibility as to whether the employer trained appellant on the use of an EpiPen. Appellant notes that he testified that he was never trained on the use of an EpiPen. Appellant acknowledges that Ms. Roper testified that all employees, including appellant, were trained on the use of the EpiPen; however, he argues that Ms. Roper essentially conceded that appellant lacked such training by admitting on cross-examination that she signed appellant's discharge papers in which he had indicated that he had never received training involving an EpiPen. However, appellant's argument fails to account for Ms. Roper's additional testimony that her signature on the discharge papers did not constitute an endorsement of appellant's statement; rather, her signature constituted only an acknowledgement of appellant's comments. Again, credibility determinations remain within the province of the commission. *Page 11 
 {¶ 22} Bearing in mind that appellant has the burden of proof, this court finds the commission's decision that appellant was terminated for just cause by the employer is not unlawful, unreasonable or against the manifest weight of the evidence. As a reviewing court, we must defer to the commission's credibility assessments and factual determinations. As noted by the hearing officer, appellant admitted that: (1) he was aware the EpiPen was within the youth's reach, (2) despite knowing he was not permitted to take personal phone calls while on duty, appellant diverted his attention from the youth to take a personal cell phone call, and (3) the youth injected the contents of the EpiPen into his finger while appellant was talking on the phone. In the absence of evidence that appellant was not at fault in the incident involving the youth, the evidence in the record was sufficient to support the commission's finding of just cause for appellant's termination. Accordingly, appellant's assignment of error is overruled.
 {¶ 23} Having overruled appellant's assignment of error, this court hereby affirms the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
KLATT and TYACK, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1