[Cite as *Hampton v. JKB Mgt. Co., Inc.*, 2020-Ohio-277.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LaRon Hampton, | : | |
| Appellant-Appellant, | : | |
| | | No. 18AP-719 |
| v. | : | (C.P.C. No. 18CV-4060) |
| JKB Management Company, Inc., et al. | : | (REGULAR CALENDAR) |
| Appellees-Appellees. | : | |

D E C I S I O N

Rendered on January 30, 2020

**On brief:** *LaRon Hampton,* pro se. **Argued:** *LaRon Hampton.*

**On brief:** *Reminger, Co., L.P.A.* and *Lauren M. Larrick*, for appellee JBK Management, Inc. **Argued:** *Lauren M. Larrick.*

**On brief:** [*Dave Yost*]*,* Attorney General, and *David E. Lefton*, for appellee Director, Ohio Department of Job and Family Services. **Argued:** *David E. Lefton.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Appellant-appellant, LaRon Hampton, appeals from an appellate decision of the Franklin County Court of Common Pleas entered on August 29, 2018, affirming the May 16, 2018 decision of the Unemployment Compensation Review Commission ("commission"). The commission in its decision disallowed Hampton's request for a review of the March 26, 2018 decision issued by appellee-appellee, Director, Department of Job and Family Services ("ODJFS") denying Hampton unemployment benefits following his separation from appellee-appellee, JKB Management Company, Inc., for just cause. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}   This matter arose after Hampton was denied unemployment benefits on the ground that he was discharged for just cause in connection with work under R.C. 4141.29(D)(2)(a).

{¶ 3}   From November 7, 2016 to February 6, 2018, Hampton was employed as an assistant restaurant manager by JKB Management, which owns and operates several McDonald's restaurants in central Ohio.   The record reflects the Hampton had a problematic work history while employed by JKB Management.  Between October 7 and December 17, 2017, Hampton received multiple written warnings for poor work performance, violations of cash handling policies, unexcused absences, leaving work early without permission, poor management of the restaurant, and insubordination.  Hampton's relationship with his supervisor became increasingly strained.

{¶ 4}   On February 6, 2018, JKB Management advised Hampton that it was putting him on a performance improvement plan. JKB Management further advised Hampton it wanted to transfer him to a different restaurant, closer to Hampton's home, and that his job title and salary would remain the same.  JKB Management told Hampton that refusing the transfer would result in his termination.  Hampton declined JKB Management's offer and reportedly left work and, having effectively ended his employment with JKB Management that day, was discharged.

{¶ 5}   The same day, Hampton applied for unemployment benefits. On March 27, 2018, ODJFS issued a redetermination holding that JKB Management had discharged Hampton for just cause in connection with work.  Hampton immediately appealed ODJFS' redetermination, and ODJFS transferred the matter to the commission pursuant to R.C. 4141.281 on March 28, 2018.

{¶ 6}   On April 13, 2018, a commission hearing officer conducted an in-person evidentiary hearing on the issue of whether Hampton was discharged by JKB Management for just cause in connection with work, which was the basis of the ODJFS redetermination Hampton was appealing.  The hearing officer heard testimony from Hampton and the owner of JKB Management and admitted several exhibits into evidence.  On April 30, 2018, the hearing officer issued a decision affirming ODJFS' denial of benefits to Hampton.  The hearing officer's decision stated in part as follows:

**LAW**

An individual is not eligible for benefits if the individual was discharged for just cause in connection with work. The individual will remain ineligible until the individual obtains another job covered by an unemployment compensation law, works six weeks, and earns at least $1,536.00 and is otherwise eligible. *Section 4141.29 (D) (2) (a) and 4141.29 (G) O.R.C.* For application filed on and after August 1, 2004, a non-disqualifying separation from employment is a requirement for a valid application. *Section 4141.01 (R) (2) O.R.C.*

**REASONING**

The available, credible evidence presented in this matter establishes that during the months preceding his separation, [Hampton] was disciplined for unsatisfactory job performance, a poor attitude and insubordination. [Hampton] had a difficult working relationship with his supervisor. His negative behavior adversely affected the work environment. [JKB Management] tried to give [Hampton] a fresh start by transferring him to a different restaurant. However, [Hampton] declined the opportunity to continue his employment. As such, [Hampton's] continued employment is not in the best interest of [JKB Management] and its customers. Accordingly, the Hearing Officer finds that [Hampton's] discharge is supported by reliable, probative, and substantial evidence. Therefore, JKB Management Company Inc. discharged [Hampton] for just cause in connection with work.

**DECISION**

[ODJFS's] Redetermination issued March 27, 2018 is affirmed with respect to [Hampton's] separation from JKB Management Company Inc.

[Hampton's] Application for Determination of Benefit Rights is disallowed as he was separated from employment under disqualifying conditions. Specifically, JKB Management Company Inc. discharged [Hampton] for just cause in connection with work. * * *.

(Emphasis sic.) (July 23, 2018 Record of Proceeding at E2922-Y78.)

{¶ 7} Hampton requested a review of the hearing officer's decision. On May 16, 2018, the commission denied Hampton's request for review, stating that Hampton had

declined to continue his employment, and that JKB Management had terminated Hampton for cause.

{¶ 8} On May 17, 2018, Hampton filed his administrative appeal with the court of common pleas in accordance with R.C. 4141.282(B). After the common pleas court dealt with various motions, the parties briefed the case. On August 29, 2018, the common pleas court issued a decision and entry affirming the commission's May 16, 2018 decision, stating that the decision "is not unlawful, unreasonable, or against the manifest weight of the evidence." (Aug. 29, 2018 Decision & Entry at 4.) The common pleas court's decision summarized the evidence on which it relied as follows:

> The evidence established that the Hearing Officer was presented with sufficient evidence that supported the determination that [Hampton] was terminated for cause. This Court is not allowed to retry the case, nor is it allow [sic] to reweigh the evidence.
>
> The evidence showed that [Hampton's] employer offered him a similar position, at a similar pay in a work location closer to his home. [Hampton] failed to produce one valid reason why he should have remained gainfully employed under those situations. The Commission's Decision is supported by the evidence.

*Id.*

{¶ 9} Hampton timely appealed to this Court.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Hampton's brief on appeal does not specifically set forth assignments of error per se. However, we discern from his pro se brief two errors he attributes to the decision of the common pleas court.

> 1. The common pleas court's decision affirming the Unemployment Compensation Review Commission's decision that Hampton declined continued employment without just cause is not supported by the evidence and is against the manifest weight of the evidence.
>
> 2. The common pleas court erred in finding that JKB Management had just cause to discharge Hampton.

## III. LAW AND DISCUSSION

### A. Standard of Review

{¶ 11} R.C. 4141.282(H) governs appeals of decisions of the commission to a court of common pleas. The statute provides:

> The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.

{¶ 12} A court of appeals reviewing the common pleas court's review of a commission decision on unemployment compensation eligibility uses the same standard of review as the common pleas court. *Irvine v. Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18 (1985). On appeal, a reviewing court "is not permitted to make factual findings or reach credibility determinations." *Houser v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 10AP-116, 2011-Ohio-1593, ¶ 7, citing *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 696 (1995), citing *Irvine* at 18. Similarly, a reviewing court may not substitute its judgment on factual findings or credibility determinations for that of the commission. *Houser* at ¶ 7, citing *McCarthy v. Connectronics Corp.*, 183 Ohio App.3d 248, 2009-Ohio-3392, ¶ 16 (6th Dist.), citing *Irvine* at 18. Instead, a reviewing court must determine whether the commission's decision is supported by the evidence in the record. *Houser* at ¶ 7, citing *Irvine* at 18. The focus of the analysis, therefore, is on the commission's decision rather than the decision of the common pleas court. *Houser* at ¶ 7, citing *Carter v. Univ. of Toledo*, 6th Dist. No. L-07-1260, 2008-Ohio-1958, ¶ 12. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, syllabus.

### B. Discussion

{¶ 13} No individual may be paid employment benefits for the duration of the individual's unemployment if ODJFS finds that the individual quit work without just cause or has been discharged for just cause in accordance with R.C. 4141.281(D)(2). Here, the commission denied Hampton's claim for unemployment benefits on the grounds that JKB

Management terminated him for just cause. Whether just cause exists depends on the factual circumstances of each case. *Houser* at ¶ 8, citing *Johnson v. Edgewood City School Dist. Bd. of Edn.*, 12th Dist. No. CA2008-11-278, 2010-Ohio-3135, ¶ 14, citing *Warrensville Hts. v. Jennings*, 58 Ohio St.3d 206, 207 (1991). "Therefore, a just cause determination is primarily an issue to be resolved by the trier of fact." *Houser* at ¶ 8, citing *Stark Area Regional Transit Auth. v. Dir., Ohio Dept. of Job & Family Servs.*, 187 Ohio App.3d 413, 2010-Ohio-2142, ¶ 20 (5th Dist.), citing *Irvine* at 17.

{¶ 14} Further, "[a] just cause determination must be consistent with the purpose of the Unemployment Compensation Act, which is to provide financial assistance to individuals who become and remain involuntarily unemployed due to adverse business and industrial conditions." *Brooks v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 08AP-414, 2009-Ohio-817, ¶ 12, citing *Tzangas* at 697. "The act protects those employees who have no control over the situation that leads to their separation from employment." *Brooks* at ¶ 12, citing *Tzangas* at 697.

{¶ 15} The *Tzangas* Court also addressed fault on the part of the employee, stating:

> When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination.

*Id.* at 697-98.

{¶ 16} A significant factor in determining whether an employee had just cause to resign is the employee's fault in creating the situation that led to his or her resignation. *Watkins v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP-479, 2006-Ohio-6651, ¶ 21, citing *Stapleton v. Ohio Dept. of Job & Family Servs.*, 163 Ohio App.3d 14, 2005-Ohio-4473 (7th Dist.). "Thus, 'an employee is required to cooperate with the employer to resolve work-related problems. * * * If the employee does not cooperate or give the employer sufficient time to accommodate the employee's needs or concerns, that employee will usually not be found to have just cause if he or she quits.' " *Watkins* at ¶ 21, quoting *Stapleton* at ¶ 32, citing *Irvine* at 18. "As a result, 'employees who experience problems in their working conditions must make reasonable efforts to attempt to solve the problem before leaving their employment.' " *Watkins* at ¶ 22, quoting *Shephard v. Ohio Dept. of Job & Family Servs.*, 166 Ohio App.3d 747, 2006-Ohio-2313, ¶ 26 (8th Dist.) " 'Essentially,

an employee must notify the employer of the problem and request it be resolved, and thus give the employer an opportunity to solve the problem before the employee quits the job; those employees who do not provide such notice ordinarily will be deemed to quit without just cause and, therefore will not be entitled to unemployment benefits.' " *Watkins* at ¶ 22, quoting *Shephard* at ¶ 26.

{¶ 17}  An employee is considered to have been discharged for just cause when "the employee, by his actions, demonstrated an unreasonable disregard for his employer's best interests."  (Citations and internal quotations omitted.) *Kiikka v. Ohio Bur. of Emp. Servs.*, 21 Ohio App.3d 168, 169 (8th Dist.1985).  The conduct need not rise to the level of misconduct, but there must be a showing of some fault on the part of the employee.  *Sellers v. Bd. of Review*, 1 Ohio App.3d 161 (10th Dist.1981).

{¶ 18}  Here, Hampton disputes that JKB Management had just cause to discharge him for declining to transfer to a different restaurant, arguing that JKB Management violated its own company handbook policy by "forcing" him to transfer to another location without first giving him an updated performance review.  (Hampton's Brief at 3.)  The argument that JKB Management failed to follow its own employee handbook in its dealings with him is central to Hampton's appeal.  He takes issue with the commission's finding that JKB Management had just cause to discharge him "for not following company instructions, policy, contract, or reasonable standards of conduct," focusing instead on what he perceives to be the real issue here, which in his opinion is JKB Management's double standard.  *Id.* at 4.  He states, "JKB Management Co. references to the employee handbook when they explain their decision to terminate [him] and justify the written warnings but feels the handbook is not binding when it comes to their violation." *Id.*

{¶ 19}  Hampton also argues that the briefs both appellees filed with the court of common pleas stated he had walked off his job, based on the testimony of JKB Management's owner at the commission hearing—a statement he argues is both hearsay and untrue[1] and should be inadmissible—and that the common pleas court relied on those misrepresentations in making its decision.  Hampton argues that the commission's May 16,

---

[1] In his brief, Hampton states he "never walked away from his position with the company."  (Hampton's Brief at 3.)  That statement appears to be at odds with the fact that Hampton applied for unemployment benefits on February 6, 2018, the same day he was offered, and declined, the transfer to another restaurant, thereby indicating that he considered himself unemployed as of February 6, 2018.

2018 decision "had no mention of [Hampton] being denied due to walking out on place of employment." *Id.* at 3. He states the commission's decision is based solely on hearsay intended to deflect from JKB Management's failure to afford him a performance review, rendering JKB's proposal to transfer him to another location "a clear violation." *Id.* at 6.

{¶ 20} Hampton's arguments are not well-taken. The record before the commission supports its determination that JKB Management had discharged Hampton for just cause in connection with Hampton's work for JKB Management. The decision of the commission's hearing officer details Hampton's work-related conduct and his conflict with management during his tenure with JKB Management. The hearing officer notes in the decision that, Hampton's negative behavior notwithstanding, JKB Management tried to work with Hampton, giving him "a fresh start," by transferring him to a different restaurant. Hampton declined the transfer and, in so doing, declined the opportunity to continue his employment with JKB Management. The hearing officer determined from the evidence that Hampton's employment was not in the best interest of JKB Management and its customers. The hearing officer found that Hampton's discharge was supported by reliable, probative, and substantial evidence, and that JKB Management discharged Hampton for just cause in connection with work.

{¶ 21} Having reviewed the record, we find competent, credible evidence exists to support the commission's determination that Hampton was discharged for just cause. Accordingly, the commission's decision denying Hampton's claim for unemployment benefits is not unlawful, unreasonable, or against the manifest weight of the evidence. We overrule what we discern to be Hampton's unspecified but substantive assignments of error.

## IV. CONCLUSION

{¶ 22} Based on the foregoing reasons, the commission's decision denying Hampton's claim for unemployment benefits was not unlawful, unreasonable, or against the manifest weight of the evidence, and the trial court did not err in affirming the denial. Having overruled Hampton's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.